## Case No. 18,226.

### ARMSTRONG v. JOHNSON et al.

[2 Hayw. & H. 13.] [1]

Circuit Court, District of Columbia. Nov. 5, 1850.

ORPHANS' COURT—DISTRICT OF COLUMBIA—JURISDICTION.

Where an issue from the orphans' court is pending in the circuit court, as to whether a paper is the last will and testament of the deceased or not, and the question to be decided as to which of two papers is the last will and testament of said deceased, the orphans' court has no jurisdiction to pass upon the question as to whether another paper is the last will of the deceased, as the orphans' court had divested itself of the jurisdiction of that question. [Dunlop, Circuit Judge, dissenting.]

Appeal from orphans' court.

[Proceeding by Kosciusko Armstrong against Lewis Johnson, administrator de bonis non of Thadeus Kosciusko, and others, heirs of Thadeus Kosciusko.]

This was a petition of Hyppoletus Estko and others, against admitting the following will to probate:

"This is my will: I, the undersigned, Thadeus Kosciusko, residing at Buwille, in the township of Geneviage, department of Seine and Marm, being at present at Solena, in Switzerland. Not wishing to be overtaken by death before having made known my last disposal, I have made this my will and declaration of my last intentions, written entirely with my own hand as follows:— Desiring to give to Misses Zeltner, daughters of Mr. Peter Josephus Andrew Louis Zeltner, proprietor, residing at said Buwille township of Geneviage, near Fountainbleau, and of the late Mrs. Angelique Charlette Adelaide Durgn de Vandeil de Lanys, proof of the friendship which I have for them, and acknowledge toward them the sense of my esteem for the friendly attention which I received from them and from their father and mother during 15 years of my living with them, and to secure for said young ladies suitable settlements. I give and bequeath to Miss Thadea Emilie Wilehmine Zeltner, my god-daughter, aged nearly 16 years, born at Paris the 20th Mipider, in the 8th year,

corresponding with the 9th day of July, 1800, the sum of 60,000 francs, to be paid at once in the standard currency and value of France. I give and bequeath to Miss Moin Charlotte Julie Magaueritte Zeltner, eldest daughter of said Mr. and Mrs. Zeltner, born at Solena, in Switzerland, on the 26th day of May, 1796, the sum of 35,000 francs, likewise to be paid at once in the same standard currency and value. Which two sums making together 95,000 francs, shall bear interest at legal rate from the day of my death, without it being necessary to demand the same judicially, and shall be taken as well as the interests aforesaid out of the most unincumbered real and personal property belonging to me on the day of my death, particularly and by preference out of the money funds of my estate, which may be found in France, either in the hands of Mr. Hottinger, my banker at Paris, or in the hands of my other bankers, debtors or holders of money or effects belonging to me; which sums shall be recovered and collected after my death by my testamentary executor herein named, and by him remitted to said Misses Zeltner, when they be married, but if they are not married, I direct him to invest the sums aforesaid in the hands of one or several persons in the manner which to him shall seem to be the safest and the most profitable, the interest or proceeds arising from the same so invested, shall be collected annually by my said testamentary executor upon his receipts, and by him remitted to each of said Misses Zeltner, in the amount due to each of them for their maintainance until their marriage. I wish and intend that the said Misses Zeltner shall not receive nor dispose neither of the whole nor of a part of the sums above bequeathed as long as they shall be single, but once married, each of them shall have the free disposal of the sum bequeathed to her; and my testamentary executor shall be discharged from the duty of receiving and remitting to them the annual interest, which they may then collect themselves directly. I appoint Mr. Bompach Pin, notary at Merch, department of Seine and Marm, executor of this, my will, begging him to be so kind as to take that trouble and to accept as token and pledge of my friendship the sum of 5,000 francs, which I give and bequeath to him by this present, which sum shall likewise be taken out of my most unincumbered estate, and particularly out of any money fund which may be found in the hands of Mr. Hottinger, or elsewhere as aforesaid, and: I revoke all the wills and codicils which I may have made previous to the present, to which alone I confine myself as containing my last wishes: Done at Solena, at Switzerland, on the 4th day of June, 1816. 'Thadie Kosciusko.'"

Opinion of William F. Purcell, judge of the orphans' court:

"The within cause having been set for hearing on the 5th of January, 1849, last, as or-

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

dered by Judge Causin, the former judge of this court, and since continued from time to time by counsel. This court after having minutely examined the wills within referred to of Thadeus Kosciusko, deceased, it is the opinion of this court that the will, executed by said Kosciusko on the 4th day of June, 1816, and recorded in the court in 1847, revokes the wills of the 28th of June, 1806, and of the 5th of February, 1798, of said Kosciusko, deceased, and the probates of the same are hereby revoked this 6th February, 1849."

From which order and decision Richard S. Coxe, Esq., counsel for Kosciusko Armstrong takes an appeal, which is by the court granted February 9th, 1849.

R. S. Coxe, for appellant.
H. M. Morfit, for appellees.

[Before CRANCH, Chief Judge, and MORSELL and DUNLOP, Circuit Judges.]

CRANCH, Chief Judge. This is an appeal from the order of the orphans' court, of the District of Columbia, of the 6th of February, 1849, revoking the probate of the will of General Thadeus Kosciusko, of the 5th of May, 1798, and 28th of June, 1806, by which last mentioned will a legacy of $3704 was bequeathed to the appellant Kosciusko Armstrong. The proceeding was by petition to the orphans' court of the District of Columbia, filed on the ―――― day of ――――, by Hyppoletus Estko and others, next of kin of General Kosciusko, stating that in December, 1845, the then petitioners filed a petition in the orphans' court, praying: 1st. That the validity of a certain paper writing, dated 28th of June, 1806, which at the instance of a certain Kosciusko Armstrong, was, on the 19th of November, 1828, proved as, and for the last will of the said Thadeus Kosciusko, might be allowed to contest the same, and that probate thereof might be revoked; and 2nd. That George Bomford, administrator de bonis non, with the will of the 5th of May, 1798, annexed, might be ordered to pay over to the petitioners the fund deposited by General Kosciusko with Mr. Jefferson. The petitioners further state that the orphans' court, acting upon the said former petition on the 17th of February, 1846, ordered the register of wills to make up and transmit to the law side of the circuit court, District of Columbia, to be there tried, an issue, "Whether the writing produced by the said Kosciusko Armstrong, and admitted to probate on the 19th of November, 1828, is the last will and testament of the said Thadeus Kosciusko or not." The petitioners state further that some of the former petitioners died, and S. S. Williams and John F. Ennis have obtained letters of administration of their effects; that Colonel Bomford also died, and Lewis Johnson became administrator de bonis non in his place: that while the issue at law was pending in the circuit court in January, 1847, the will of June 28th, 1806, more fully described in the said former petition, was produced, proved and recorded among the wills of the orphans' court, by which will the testator expressly revoked "all the wills which he might have hitherto-fore made;" that the issue sent to the circuit court is now an issue at law and not of fact, and is cognizable in the orphans' court only: "Upon these grounds, and others which will be more fully set forth during the hearing of the case," they pray that "further proceedings in that court may be resumed, and that citations may be issued: 1st. To the said Kosciusko Armstrong, or his counsel of record, to show cause why the probate of the paper writing, purporting to be a will of General Thadeus Kosciusko of the 28th of June, 1806, should not be revoked and annulled. 2nd. To the said Lewis Johnson, administrator de bonis non of said Kosciusko's estate, to show cause why the paper writing, purporting to be a will of said Thadeus Kosciusko, of the 5th of May, 1798, and the probate thereof, recorded among the wills of this court, should not be stricken out from the records of this court, and declared null and void." This petition is signed by "R. Johnson, Gaspar Tocman, for the Petitioners."

Nothing appears by the records to have been done until the filing of another petition by Roman Estko and others, claiming, with the former petitioners, Hyppoletus Estko and others, to be next of kin of General Kosciusko; which new petition sets forth all the preceding proceedings in the orphans' court, and in the supreme court of the United States; and also circumstances to account for the delay of the petitioners in prosecuting their claim. They also pray "that the validity of the said instrument of writing" (of June 28th, 1806), "may be inquired into; that they may be allowed to contest the same, and that the probate thereof be revoked; and that the said instrument of writing be declared null and void as a testamentary paper." "And they further pray that the said George Bomford, administrator de bonis non as aforesaid, be ordered to pay over and deliver to the petitioners all and every sum and sums of money which he now hath, or for which he is accountable as administrator de bonis non of said Thadeus Kosciusko." This petition is signed by "Joseph H. Bradley, G. Tocman."

Whereupon the following order was made by the judge of the orphans' court, viz.:

"On the petition filed in this court, this 2nd day of December, 1845, of Roman Estko and others, claiming to be next of kin and distributees of Thadeus Kosciusko, praying that the decision of this court heretofore made, admitting to probate a paper writing propounded by Kosciusko Armstrong, as the last will of the said Kosciusko be again examined, and that the matter thereof be

again heard by this court. It is this 2nd day of December, 1845, ordered that the said case be again examined and heard, and that notice be given to the said Kosciusko Armstrong to appear in this court on or before the 3rd Tuesday of January next, in person or by solicitor, to show cause why the said probate of the said will shall not be set aside, and the said paper writing therein propounded by him as the last will of the said Thadeus Kosciusko be declared null and void; and provided that a copy of this order be published in the National Intelligencer once a week for three successive weeks previous to the 3rd Tuesday in January, 1846. Nathaniel P. Causin."

No further proceeding appears upon the records of the orphans' court until the 22d of December, 1848, when the judge made the following order, viz.:

"It is ordered that the Register of Wills issue citations. 1st. To Richard S. Coxe, Esq., counsel of Kosciusko Armstrong, to appear in this court on the 5th day of January, 1849, to show cause why the probate of the paper writing, purporting to be a will of General Thadeus Kosciusko, of the 22d of June, 1806, should not be revoked and annulled. 2d. To Lewis Johnson, administrator de bonis non of Kosciusko's estate, to appear on the same day, on the 5th of January, 1849, to show cause why the paper writing, purporting to be a will of Thadeus Kosciusko, of the 5th of May, 1798, and the probate thereof recorded among the wills of this court, should not be stricken out from the records of this court and declared null and void. Nathaniel P. Causin, 22d Dec., 1848."

The citations seem to have been issued and served on the same day, 22d Dec., 1848. On the day appointed (January 5th, 1849), Lewis Johnson, the administrator de bonis non appeared, by Mr. Morfit, his counsel, and objected, "that the orphans' court should not hold or entertain jurisdiction of this cause at this time, or in the present form of this application." 1st. Because an issue is still pending on the law side of the circuit court of the District of Columbia, as to the validity of the respective wills named in the application of the parties for the citations, and that the said issue was taken on a petition before the orphans' court upon the same questions which are now presented; and the effect of the present petition, if sustained, will be to bring back a question before this court which has, by having been put in issue elsewhere, passed beyond its present control. 2d. If the issue should be stricken off the docket of the circuit court, it would be a surprise upon the parties. 3d. That the testator re-establish the will of 1798 by a subsequent will, but of this this respondent has no evidence. 4th. That there is a bill in equity pending in the circuit court, and involving all the matters contained in the proceedings in the orphans' court in this case, &c. 5th. That this respondent is ready to pay over the money to any person authorized to receive it. 6th. That there should not be a decision in any one of the cases until all are brought together.

Upon consideration of this case as it is now brought before this court, I am of the opinion that the orphans' court, by sending an issue to this court, to be tried at law, "whether the writing produced by the said Kosciusko Armstrong, and admitted to probate on the 29th of November, 1828, is the last will and testament of the said Thadeus Kosciusko or not," had divested itself of the jurisdiction of that question, so long as it remains undecided by this court the case was coram non judice, and the sentence of the orphans' court of the 6th of February, 1849, must be reversed.

Upon appeal from the sentence of the orphans' court of the District of Columbia, passed on the 6th of February, 1849, declaring it to be the opinion of that court that the will executed by Thadeus Kosciusko on the 4th of June, 1816, and recorded in that court in 1847, revokes the wills of the 28th of June, 1806, and of the 5th of May, 1798, of the said Kosciusko, deceased, and revoking the probate of the same.

It is considered and adjudged by this circuit court of the District of Columbia, this 5th day of November, 1850, that the said sentence of the said orphans' court be, and the same is hereby reversed with costs; the said sentence having been passed by the said orphans' court, while an issue sent by that court to the circuit court aforesaid to be tried at law, whether the writing produced by the said Kosciusko, and admitted to probate on the 19th of November, 1828, is the last will and testament of the said Thadeus Kosciusko or not, was and is pending undecided in said circuit court.

DUNLOP, Circuit Judge, dissented.