## UNITED STATES CONST. CO. v. ARMOUR PACKING CO. *et al.*

No. 3914.    Opinion Filed December 3, 1912.

(128 Pac. 731.)

**JUDGMENT—Vacation—Judgment by Consent.** Where a judgment has been entered upon stipulations of the parties to a proceeding, and as entered was approved by all the parties to the proceeding and their counsel, the court is without authority, without the consent of all the parties, and commits no error in refusing to vacate and set aside such judgment upon motion of some of the parties, presented after the term at which the judgment was rendered, in the absence of any fraud on the part of the parties in procuring such consent judgment, and in the absence of clerical errors.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by the Armour Packing Company and others against the United States Construction Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Orrick & Terrell,* for plaintiff in error.

*Thomas F. West* and *R. A. Rogers,* for defendants in error.

HAYES, J.    Defendants in error brought this action in the district court of Okmulgee county to recover the sum of $———— for goods, wares, and merchandise furnished plaintiff in error. Defendants in error filed their application for the appointment of a receiver to take charge of the property of plaintiff in error, alleging that the property of plaintiff in error was being disposed of for the purpose of defrauding its creditors, which application was granted and a receiver appointed by the court. After an-

swer was filed by plaintiff in error, and before the cause came up for trial, a stipulation, signed by all the parties in interest, was filed, agreeing upon a settlement of the case. The court entered judgment as per agreement in the stipulation, and the decree entered has the signed approval of all the parties to the action and of their attorneys. Thereafter plaintiff in error filed its motion to set aside the judgment entered by the court upon the stipulation, which motion was overruled. It is from the court's action in overruling plaintiff in error's motion to set aside the judgment that this appeal is prosecuted.

Several assignments of error are urged for reversal of the judgment, but there is one principle of law which conclusively determines this case, and that principle is that a court has no power, after stipulation for settlement, agreed to and signed by all the parties in interest, has been filed, and after judgment has been entered in accordance with such stipulation, to vacate and set aside or modify the judgment after the term at which it was rendered, in the absence of fraud between the parties agreeing to settlement by consent or stipulation, except for mistake, neglect, or omission of the clerk.

In *Morris v. Peyton,* 29 W. Va. 201, 11 S. E. 954, Mr. Justice Green, speaking for the court on the question of whether the court has power to vacate a decree entered by consent of the parties to the action, said:

"As such a decree is not the judgment of the court upon the merits of the case, but the act of the parties to the suit, it is obvious that it cannot be modified, set aside, or annulled by any order in the cause made by the court below without the consent of all the parties to the cause. * * * Nor could it be appealed from, nor modified by this court, unless, perhaps, it should be so entirely foreign to the matters in controversy in the cause that for this or some other reason the court below had no jurisdiction or authority to enter such decree by consent or otherwise."

The judgment in this case was the final ascertainment of the rights by consent of the parties to the suit, and cannot be changed by any subsequent order of the court without like consent. *Seiler v. Union Mfg. Co.,* 50 W. Va. 208, 40 S. E. 547.

And to the same effect is the holding of the Supreme Court of Alabama, in *Alder et al. v. Van Kirk Land & Const. Co.*, 114 Ala. 551, 21 South. 490, 62 Am. St. Rep. 133, wherein it is said:

"In the absence of fraud in its procurement, and between parties *sui juris*, who are competent to make the consent, not standing in confidential relations to each other, a judgment or decree of a court having jurisdiction of the subject-matter, rendered by consent of parties, though without any ascertainment by the court of the truth of the facts averred, is, according to the great weight of American authority, as binding and conclusive between the parties and their privies as if the suit had been an adversary one, and the conclusions embodied in the decree had been rendered upon controverted issues of fact and a due consideration thereof by the court."

See, also, to the same effect, 2 Black on Judgm. sec. 705; Freeman on Judgm. sec. 330; *Walsh v. Walsh*, 116 Mass. 383, 17 Am. Rep. 162; *Nashville & C. R. Co. v. U. S.*, 113 U. S. 261, 5 Sup. Ct. 460, 28 L. Ed. 971; 23 Cyc. 733.

No attempt was made, after the parties entered into the stipulation consenting to the entry of judgment thereon, and before the court entered judgment, to show cause why judgment should not be entered as per stipulation. On the other hand, the decree entered had the approval at the time of all the parties, and no fraud is alleged or shown. We therefore hold that the judgment entered in this case was entered in accordance with the stipulation agreed to by all the parties in interest, and, in the absence of fraud on the part of the parties to the case, is final and conclusive as between the parties, and that the court committed no error in overruling the motion to vacate.

The judgment of the trial court is accordingly affirmed.

All the Justices concur.