# SIMPKINS v. PARSONS.

No. 4875.   Opinion Filed August 3, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 588.)

1.   **JUDGMENT—Venue—Vacation of Orders—Time—Change of Venue.** A court of general jurisdiction has authority to modify or vacate its judgments or orders during the term at which they are made. And an order granting a transfer of a civil action from one county to another is, under sections 542-544 of Snyder's Compiled Laws of 1909, a matter of judicial discretion; and the court has authority to vacate such order, at any time during the term at which it was made, provided it is done before the court to which the transfer was ordered has acquired jurisdiction.

2.   **VENUE—Change of Venue—Jurisdiction—Vacation of Order.** The court to which a cause is transferred under the above statutes does not acquire jurisdiction of the cause until the papers and records are received by it, and entered upon its docket. And if a court makes an order transferring the case to another court, but vacates the order at the same term, and before the papers are thus transferred and docketed, it retains jurisdiction of the cause; and a judgment rendered by it in such action is not void.

(Syllabus by Brett, C.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action by G. W. Parsons against E. H. Simpkins and others. Judgment for plaintiff. Motion by defendant Simpkins to vacate judgment overruled, and he brings error. Affirmed.

*Leahy & McDonald,* for plaintiff in error.

*Horsley, Peters & Walton,* for defendant in error.

Opinion by BRETT, C. This is an appeal from a judgment of the district court of Pawnee county, overruling and denying a motion to vacate and set aside a judgment. The facts, briefly stated, are that plaintiff in

error, E. H. Simpkins, and others, had been sued in the district court of Pawnee county by G. W. Parsons, the defendant in error; and on the 5th day of May, 1908, on application of the defendants, the judge of the court made an order transferring the cause to Osage county, and on May 11, 1908, and at the same term, vacated and set aside said order; and on February 16, 1910, the cause, being regularly assigned, came on for trial, and judgment by default was rendered in favor of Parsons and against the defendants; and on September 29, 1910, E. H. Simpkins filed a motion to vacate the judgment on the ground that the court was without jurisdiction to render the judgment, which motion was heard on the 9th day of September, 1912, and overruled and denied by the court; and from the judgment overruling the motion to vacate an appeal has been perfected to this court.

Plaintiff in error argues three propositions, but the one which, we think, is decisive of this appeal, is whether or not the district court of Pawnee county had jurisdiction to render the judgment sought to be vacated by the motion. The plaintiff in error argues that the court of Pawnee county lost jurisdiction of the cause when it made the order to transfer the action from Pawnee to Osage county. If that be true, then it was error not to sustain the motion of plaintiff in error to vacate the default judgment against him; but, if it is not true, then the motion was properly overruled.

We think the judge had power and authority to set aside the order transferring the cause from Pawnee to Osage county at any time during the term at which the order was made, if he did so before the court of Osage county had acquired jurisdiction of the cause.

There is no controversy as to the facts; no papers had been transferred to Osage county, and the only thing that had been done toward the transfer was the order made by the judge, and he set that aside, and his order setting it aside, not being appealed from, became final. Of course, if the court had no discretion in the matter, and no authority to set the order transferring the cause aside, then that act was void; but if he had authority to set the order aside, and did so erroneously, then that should have been appealed from, if defendants felt aggrieved.

The sections under which the application and order for change of venue were made are sections 542-544 of Snyder's Compiled Laws of 1909, which, among other things, provide that, "shall it appear to the satisfaction of the court  *  *  *  that the transfer prayed for is proper," he shall make an order transferring the cause, etc. This, we think, places the granting of the transfer within the jurisdictional discretion of the court, and does not make it a thing which could be demanded by the applicant as a matter of right, and which the court was compelled to grant. Therefore the order transferring this cause was a judgment of the court, and not a right granted to the applicant by the Constitution or statute. And the rule is almost as old as the law itself that the court has authority to modify or vacate its own judgments and orders during the term at which they are made. Otherwise, as stated by Judge Sharp, in *Todd v. Orr*, 44 Okla. 459, 145 Pac. 393, the courts would be so fettered and paralyzed that they would frequently do wrong from mere inability to do right. *Hensley v. Davidson Brothers Co.*, 135 Iowa, 106, 112 N. W. 227, 14 Ann. Cas. 62; *Weber v. Kirkendall*, 44 Neb. 766, 63 N. W. 35; *Willmer v. Lawler*, 78 Minn. 135, 80 N. W. 868;

*Eggen v. Fox,* 124 Wis. 534, 102 N. W. 1054; *De Vall v. De Vall,* 60 Or. 493, 118 Pac. 843, 120 Pac. 13, 40 L. R. A. (N. S.) 291, Ann. Cas. 1914A, 409.

But the plaintiff in error seems to insist that, when the court made the order transferring the case, it then and there lost jurisdiction of the cause. But we cannot agree with this contention.  As said in *Chase v. Superior Court et al.,* 154 Cal. 789, 99 Pac. 355:

"There must be a moment of time when the court transferring the case loses jurisdiction, and the court to which it is transferred acquires jurisdiction."

And the court making the transfer certainly cannot be said to have lost jurisdiction until the court to which it is transferred has acquired it.   And section 544, Snyder, provides that:

"As soon as the papers and records are received in any cause or procedure, as herein provided, the same shall be entered upon the docket of such court and process issued therein as in other cases originally brought in such court."

Which we take to mean that the court to which it is transferred acquires no jurisdiction, and has no authority to take any action, or issue any process in the case, until the papers and records are received and docketed.  The record does not reveal upon what grounds the order transferring the cause was set aside, and so far as this appeal is concerned they are immaterial, for, whatever the grounds might have been, that act of the judge was not appealed from, but became final, and is not now before this court for review.

We think it is clear that, at the time the court set aside the order transferring the cause, the court of Osage county had not acquired jurisdiction, but the court, of

Pawnee county retained jurisdiction of the cause, and had jurisdiction to render the judgment in the original action, and that the motion to vacate that judgment was properly overruled.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.