## PHEBUS et al. v. SEARCH et al.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1920.)

No. 5401.

1. **Courts ⬤═488(1)—Where cause was transferred, court first acquiring loses jurisdiction.**

   Where a cause of action is transferred by order of a court having jurisdiction thereof and of the parties thereto, and lawful authority to make the transfer, to another court, the former loses and the latter gains jurisdiction of the subject-matter and of the parties, and of all incidental and subsidiary applications and motions in the case.

2. **Courts ⬤═488(1)—After transfer by court having jurisdiction, it cannot take further action.**

   Where a court, having jurisdiction of the subject-matter and of the parties, with authority, transfers a cause of action to another court, any subsequent order or action of the first court, tending to deprive the latter of its exclusive jurisdiction of the cause of action and all its incidents, is a nullity.

3. **Judgment ⬤═489, 501—Judgment rendered by court without jurisdiction open to collateral attack.**

   Judgments of courts, which at the time the judgments were rendered had no jurisdiction to consider or determine the issues, and whose records disclose such lack of jurisdiction, may be collaterally attacked; but judgments of courts having power to hear and determine issues relative to the subject-matter and persons to the suits, are only voidable for error and not open to collateral attack, though illegal and wrong.

4. **Courts ⬤═488(1)—Where superior court transferred will contest to district court, subsequent order of superior court invalid.**

   Where the superior court of an Oklahoma county, under Laws Okl. 1909, c. 14, art. 7, § 10, as amended by Act March 22, 1911 (Laws 1910-11, c. 121, § 1), transferred a will contest to the district court on motion of contestants, and the district court rendered judgment upholding the validity of the will, which judgment was affirmed by the Oklahoma Supreme Court, an order of the superior court setting aside the transfer and dismissing the proceedings, etc., made after the transfer, is null and void for want of jurisdiction, and may be collaterally attacked, and the presumption in favor of a judgment cannot be relied on to sustain the action of the superior court, for the presumption is equally applicable to that of the district court.

Appeal from the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Suit by Mrs. C. M. Phebus and others against W. S. Search, special administrator of the estate of Enos Nichols, deceased, and others. From a decree for defendants, plaintiffs appeal. Affirmed.

A. M. Baldwin, of Shawnee, Okl., Rollo Six, of Barry, Ill., and A. J. Carlton, of Shawnee, Okl., for appellants.

John Embry, of Oklahoma City, Okl. (T. G. Cutlip, of Tecumseh, Okl., Mark Goode, of Shawnee, Okl., and Abernathy & Howell and Embry, Johnson & Kidd, all of Oklahoma City, Okl., on the brief), for appellees.

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SANBORN, Circuit Judge. On October 15, 1914, the county court of Pottawatomie county, Okl., duly adjudged an alleged lost will of Enos Nichols, a former resident of that county, who died at Shawnee, Okl., on December 21, 1911, to be his last will and testament, and to be proved after a full trial and hearing of the proponents, who are the appellants in this court and legatees under that will, and of the contestants under whom the appellees in this court, who will hereafter be styled the contestants, claim under the heir at law of Nichols on the ground that he died intestate. From this judgment of the county court the contestants appealed to the superior court of Pottawatomie county, a court of general and superior jurisdiction, which had jurisdiction of such appeals and to try de novo the issues adjudged by the county court. The district court of Pottawatomie county was also a court of general and superior jurisdiction, and it had like jurisdiction to try de novo such issues adjudged by the county court in cases properly presented to it for hearing and decision. These two courts had coordinate and concurrent jurisdiction, and neither had the power to review by appeal the judgments or orders of the other.

Section 10, art. 7, c. 14, of the Session Laws of Oklahoma of 1909, as amended by section 1 of the Act of March 22, 1911 (Session Laws of Oklahoma 1911, pp. 264, 265, c. 121), provided:

"That the judge of the superior court upon motion of the plaintiff in any cause now pending in said court or which may hereafter be filed in such court, shall transfer such cause or causes by order to the district court or county courts, respectively, having jurisdiction."

And this provision was in force in January, 1915. In re Nichols' Will, Phebus v. Vinson (Okl.) 166 Pac. 1087, 1091. In the proceedings to contest the validity of a will in the state of Oklahoma the contestants are the plaintiffs and the proponents are the defendants. Revised Laws of Oklahoma 1910, § 6210. After the contestants had appealed from the decree of probate of the will to the superior court and on January 2, 1915, after the proponents had moved that court to transfer the cause to the district court, they moved to withdraw that motion, and the contestants (the plaintiffs) moved to transfer the cause to the district court. On the same day the superior court denied the motion of the proponents to withdraw their motion to transfer, and granted the motions of both parties to transfer the cause to the district court. More than five months thereafter on May 25, 1915, on the motion of the proponents, the superior court made an order to the effect that its order of transfer be set aside and held for naught, and that the cause be set for hearing on the proponents' motion to dismiss the appeal on May 26, 1915, and on that day it ordered and adjudged that the appeal be dismissed.

The district court, conceiving that after the transfer of the cause to it on January 2, 1915, it had exclusive jurisdiction over it, and that the superior court was without jurisdiction thereafter to avoid the transfer, to withdraw the cause or to dismiss the appeal, tried the issues of the existence and validity of the alleged lost will on their merits, and on July 30, 1915, found and adjudged that the alleged will was not entitled to probate and that the probate thereof was denied.

In due time, before that trial proceeded, the contestants had appeared in that court specially for the purpose of challenging its jurisdiction, had pleaded and offered the orders of the superior court setting aside the order of transfer and dismissing the appeal, and had contended that the district court was without jurisdiction subsequent to those orders; but the latter court held that those orders were beyond the powers of the superior court and proceeded to judgment. From that judgment the proponents appealed to the Supreme Court of Oklahoma, and that court affirmed all the rulings and the decree of the district court. In re Nichols' Will, Phebus v. Vinson (Okl.) 166 Pac. 1087, 1092.

After the decree of the district court, and before its affirmance by the Supreme Court of Oklahoma, and on November 15, 1915, the proponents brought this suit in equity against the contestants for an accounting for and a recovery of the property of which Enos Nichols died seized, and insisted that the orders of the superior court of May 25 and 26, avoiding the transfer and dismissing the appeal left the decree of the county court establishing and probating the will final and conclusive, and left the district court without jurisdiction to render its decree denying the probate of the will. The contestants defended on the theory that those orders were beyond the powers of the superior court and void, and that the decree of the district court that the alleged will was not entitled to probate, was final and conclusive. All the orders and decrees which have been recited were pleaded and proved in the final hearing in the court below, and that court rendered a decree of dismissal of this suit which the proponents now challenge by this appeal.

While the court below rendered no opinion, there can be no doubt that its conclusion was that the superior court lost its jurisdiction of the cause appealed from the county court by its order of transfer of the cause to the district court on January 2, 1915, so that thereafter the jurisdiction of the district court was exclusive, and the orders of the superior court on May 25 and 26, setting aside the transfer and dismissing the appeal, were without force or effect.

[1-4] The rules upon this subject which commend themselves to the reason and which are sustained by the weight of authority are (1) that where a cause of action is transferred by order of a court having jurisdiction thereof and of the parties thereto, and lawful authority to make the transfer to another court, the former loses and the latter gains jurisdiction of the subject-matter, of the parties, and of all incidental and subsidiary applications and motions in that case; and (2) that any subsequent order or action of the former, tending to deprive the latter of its exclusive jurisdiction of the suit and of all its incidents, is without jurisdiction and a nullity. 15 C. J. 1150, § 625, notes 33 and 35, and cases there cited; Armstrong v. Johnson, 30 Fed. Cas. 953, 954, 955, No. 18,226; State v. Reid, 18 N. C. 377, 379, 381, 28 Am. Dec. 572; Freeman v. Bryant (Okl.) 184 Pac. 76, 78; State v. Burney, 193 Mo. App. 326, 186 S. W. 23, 27; In re Nichols' Will, Phebus v. Vinson (Okl.) 166 Pac. 1087, 1091. These rules are reasonable and practical, for it is essential to the orderly and effective administration of justice that the exclusive jurisdiction shall be at all times in either

the transferring or the receiving court, and that there shall be no conflict of or divided jurisdiction.

Counsel cite as in conflict with these rules Simpkins v. Parsons, 50 Okl. 786, 151 Pac. 588, in which the Supreme Court of Oklahoma held that where the statute, as in that case, provides that, "Shall it appear to the satisfaction of the court * * * that the transfer prayed for is proper," it shall make an order transferring the cause, etc., such a provision places the granting of the transfer within the jurisdictional discretion of the court, and does not make it a thing which can be demanded by the applicant as a right which the court is compelled to grant, and the court granting the order may modify or vacate it during the term at which it was entered, as it may its other judgments. This decision is in conflict with other authorities, and it does not commend itself to the judgment, because it leaves the transferred suit in such a situation that the court to which it is transferred cannot safely proceed to trial or to a decision of motions and applications until the term of the court making the order of transfer has expired. But that decision is neither material nor pertinent to the question in hand, because the statute which authorized the superior court to transfer the appealed cause to the district court left no discretion in the superior court upon the subject, but vested in the contestants the absolute right to the transfer and commanded the superior court to grant it upon their application. That statute provided:

"That the judge of the superior court, upon motion of the plaintiff in any cause now pending in said court or which may hereafter be filed in such court, shall transfer such cause or causes by order to the district court or county courts, respectively, having jurisdiction."

This case, therefore, falls far within each of the general rules which have been stated. An endeavor is made to escape from this conclusion on the ground that the order of dismissal by the superior court, made on May 26, 1915, nearly five months after it made its order of transfer, was the considered judgment of that court that it had jurisdiction to dismiss the appeal, and that it had dismissed it, that this judgment rendered these questions res adjudicata, and estopped the contestants from avoiding or disregarding this judgment, and that this judgment cannot be collaterally attacked by the contestants on the ground that the superior court was without jurisdiction to render it, because the presumption of its jurisdiction arises from the judgment itself, and the record of it does not disclose its lack of jurisdiction.

These contentions, if sound, prove too much. The contestants are asking no relief here—they are content. The proponents ask the enforcement of the decree of the county court. They can have that relief in the federal court only when they establish the fact that the decree of the state district court, which reversed the decree of the county court, probating the will, and which was affirmed by the Supreme Court, was void, because that court had no jurisdiction of the cause. Now if, as counsel argue, the order of the superior court dismissing the appeal estopped the contestants from challenging the jurisdiction of that court to dismiss, and its dismissal of the appeal, and if that order cannot be attacked collaterally by the contestants for lack of ju-

risdiction, then by the same mark the subsequent decree of the state district court, which was affirmed by the Supreme Court, rendered its adjudications that it had jurisdiction to reverse the decree of the county court probating the will, and that it did lawfully reverse it, res adjudicata, and estopped the proponents from assailing it, and that decree cannot be attacked collaterally by them on the ground that the district court was without jurisdiction to render its decree, for the presumption of its jurisdiction arises from the decree, and the record of the cause in that court discloses no lack of jurisdiction. In this state of the case the proponents are entitled to no relief.

But the contention of counsel here is not sound. The test of jurisdiction is the right to decide, not right decision. Judgments of courts, which at the time the judgments were rendered had no jurisdiction to consider or to determine the issues in the respective cases, and whose records at such times disclosed such lack of jurisdiction, are absolutely void, and may be attacked and defeated collaterally. On the other hand, judgments of courts empowered to hear and determine issues relative to the subject-matters and persons to the suits affected by their respective decisions, although such judgments may be illegal and wrong, are simply voidable and are not open to collateral attack. Foltz v. St. Louis & S. F. Ry. Co., 60 Fed. 316, 318, 319, 8 C. C. A. 635, 637, 638; Deming v. McClaughry, 113 Fed. 639, 650, 51 C. C. A. 349, 360; King v. McAndrews, 111 Fed. 860, 863, 50 C. C. A. 29, 32.

The judgment of dismissal of the superior court is of the former class. The test of its jurisdiction was and is the answer to the question: Did that court on May 25, 1915, when it made the order setting aside its order of transfer, or on May 26, 1915, when it made its order of dismissal on the appeal, have any jurisdiction of the parties to, the issues in, or the subject-matter of that appeal? If it did not have, then it had no jurisdiction to decide whether or not it had jurisdiction of these matters, and its judgment to the effect that it had was absolutely void. The statute had commanded it to transfer the cause to the state district court on the motion of the contestants, and it had done so on January 2, 1915. It had no jurisdiction or power, either by statute or by the law, to avoid that transfer. After that transfer took effect, it had no more jurisdiction of the parties to that appeal, or of the subject-matter of it, than it would have had, if no appeal had ever been taken, and its own records at the time these orders were made demonstrated that fact, for its grant of the contestants' motion to transfer was one of its records. In the face of these recorded facts, it had no more jurisdiction to adjudge that it had jurisdiction to dismiss that appeal, or to determine any other issue in the case, than it had to adjudge the dismissal, and its judgment of its jurisdiction and of its dismissal of the appeal were alike absolutely void, and subject to collateral attack and defeat by its own records. On the other hand, the record and decree of the state district court disclose its complete jurisdiction of the subject-matter and of the parties to the cause it considered and decided, and its decree therein was a complete estoppel of the proponents from maintaining this suit to avoid the effects of that decree.

The decree below must therefore be affirmed; and it is so ordered.