COMMONWEALTH LIFE INS. CO. v. AVERY et ux.

No. 34436. Nov. 6, 1951.

*237 P. 2d 433.*

C. R. Thurlwell and A. E. Montgomery, Tulsa, for plaintiff in error.

Joy G. Clayton, Tulsa, for defendants in error.

PER CURIAM. Commonwealth Life Insurance Company, a corporation, was the owner of two lots in the city of Tulsa. These lots were included in the

1938 tax resale and were bought by the county. They were later sold by the county, and, through mesne conveyances, the title became vested in the defendants, John Avery and Anna May Avery, his wife. In 1940 these defendants went into possession of the property and made valuable improvements thereon and continued to occupy the premises as their home. Under date of May 8, 1947, a quitclaim deed was obtained from Commonwealth Life Insurance Company to A. D. Stephens and Maisy Stephens, his wife. With this quitclaim deed as a basis, an action was filed in the district court of Tulsa county on June 18, 1947, seeking to quiet title against the claim of the defendants, John Avery and Anna May Avery. The petition alleged that the tax resale was void for the reason that the last quarter of the 1937 taxes was included in the 1938 resale. The relief sought in this action was a judgment quieting title, a judgment in ejectment, and a money judgment for the reasonable rental value of the premises during the time they had been occupied by John Avery and his wife. The plaintiff in this action was designated as "Commonwealth Life Insurance Company, a Corporation, for the use and benefit of A. D. Stephens and Maisy Stephens, his wife," and the petition was signed by C. R. Thurlwell as attorney for the plaintiff. The Averys filed an answer and counterclaim which consisted of a general denial and an allegation as to the valuable improvements placed on the land. The prayer of the answer was that the petition be dismissed, or that, if the plaintiff be adjudged entitled to recover possession of the premises, the defendants be granted a judgment for the value of the improvements erected by them and other expenses which they had incurred. The case came on for trial on April 12, 1948, with counsel for both plaintiff and defendants present. The plaintiff introduced evidence and rested and the attorney for the defendants told the court that under the law the tax deed upon which defendants' title was based was void and requested a trial by jury to determine the value of the improvements placed on the land. The court then entered the following order:

"Case called for trial, 1 witness sworn, evidence heard, judgment for plaintiff quieting title to real property, trial by jury to determine value of improvements, case to be ordered set on next jury docket as per J. E.

"(SGD) Eben L. Taylor
"District Judge"

Thereafter, on June 21, 1948, the Averys filed a petition to vacate judgment in which they alleged that the judgment so obtained should be set aside for the reason that the plaintiff, Commonwealth Life Insurance Company, a corporation, did not consent to or have any knowledge of the filing of the action, nor did they at any time authorize A. D. Stephens or Maisy Stephens or anyone else to institute such an action, and that the judgment was obtained by fraud in the following particulars: That on May 8, 1947, one W. F. Miles called upon a representative of the Commonwealth Life Insurance Company and stated that he was acting for the owners of the property involved claiming under the tax title and that he wanted to buy an abstract and quitclaim deed from Commonwealth Life Insurance Company for the purpose of clearing the title for the tax title holders, and that such representations by W. F. Miles were false and fraudulent and the deed given by Commonwealth Life Insurance Company was given in reliance upon the representations and would not have been given had the truth been known, and that such deed was champertous and void as to the Averys. To the petition there was attached an amended answer of the defendants, John Avery and Anna May Avery, setting forth that they had obtained a quitclaim deed from Commonwealth Life Insurance Company, dated June 5, 1948, and that the deed on which the plaintiff's cause of action was based was champertous

and void. To this petition there was filed a response which, in substance, alleged the circumstances under which the original judgment was granted and denied that there was any fraud practiced upon the Commonwealth Life Insurance Company and alleged that the action was filed with the knowledge and consent of Commonwealth Life Insurance Company. On November 12, 1948, the case came on for hearing upon the petition to vacate and the response thereto. The testimony of John T. Gibson was offered by stipulation. He testified that he was general counsel for Commonwealth Life Insurance Company, and that on May 8, 1947, one W. F. Miles called upon him and stated that he was acting on behalf of the owner of the tax title to the property involved and offered $25 for the abstract and a quitclaim deed to the property and that the witness was led to believe that by turning over the abstract and deed he was helping the tax title holder to clear his title and that otherwise he would not have given such deed and that he did not authorize the filing of the present action and did not know that it had been filed until June 4, 1948, and that on June 5, 1948, the Commonwealth Life Insurance Company sold the property by quitclaim deed to the defendants, John Avery and Anna May Avery. Mr. George Kabureck testified that he was president of Commonwealth Life Insurance Company and that his company had not authorized the filing of this suit and that he did not know anything about the deed to A. D. Stephens and Maisy Stephens, and that his company, on June 5, 1948, conveyed the property by quitclaim deed to the Averys. Mr. Joy G. Clayton, the attorney for the Averys, testified that he had dealt with Mr. Thurlwell under the impression that he was general counsel for the Commonwealth Life Insurance Company and that he did not know until after the judgment had been rendered that the deed from Commonwealth was obtained by false representations. Mr. Thurlwell then testified as to the circumstances under which the original judgment was rendered and that he did have the consent of Commonwealth Life Insurance Company to file this case, and, in fact, obtained information from the officers of that company necessary in the handling of the case. He further testified that Mr. John T. Gibson knew about the case because he had told him about it the day after it was filed and that he had never represented himself as the attorney for Commonwealth Life Insurance Company other than for the use and benefit of the Stephens. The court took the matter under advisement, and on July 8, 1949, it entered its order vacating the judgment rendered on April 12, 1948. In stating the reasons for the vacation of the judgment, the order of the court reads as follows:

"It is the judgment of this court that it has full control over its judgments, orders and decrees during the term in which they are rendered, and may for sufficient cause shown, in the exercise of its sound discretion vacate or modify the same, and that the same rule applies where the motion or petition to vacate is filed during the term in which the judgment is rendered and the order vacating made after the term has expired; it is further the judgment of this court that the judgment rendered in this cause on the 12th day of April, 1948, was irregularly obtained and that a fraud was practiced on this court in obtaining the same; that justice has not been done, and that said judgment should be vacated and set aside."

The plaintiff has appealed from the order vacating the former judgment of the court.

The sole issue presented for review by this court is whether the trial court, in granting a new trial, clearly abused its discretion, acted arbitrarily and manifestly erred in unmixed questions of law.

It is the established law of this state that courts of general common-law jurisdiction have control of all judgments, decrees, or other orders, however con-

clusive in their character, during the term at which they are rendered, and may set aside, vacate, and modify them during said term, in the exercise of a wide and extended discretion, and in the absence of an abuse of such discretion, an order of the trial court vacating a judgment during the term will not be reversed. Tulsa Exchange Co. v. Kiester (1947) 199 Okla. 440, 186 P. 2d 808. In the case before us, the petition to vacate the judgment was filed during the term at which the judgment was rendered, but the order vacating was entered at a later term. We have consistently held, however, that a motion invoking the inherent equitable power of the trial court to vacate its own orders filed during the term at which the order was made vests the court with full power to act at a subsequent term, and the action of the court in the premises at such subsequent term has the same legal effect as if such rulings had been made during the term at which the motion was filed. Blake v. Baker (1917) 66 Okla. 88, 167 P. 329. The petition to vacate the judgment filed in the trial court by the defendants herein has the same legal effect as a motion to vacate the judgment, and the order vacating the original judgment is, therefore, to be reviewed by the principles enunciated. Welborn v. Whitney (1936) 179 Okla. 420, 65 P. 2d 971. The fact that no motion for new trial was filed after the rendition of the vacated judgment is immaterial. Firemen's Fund Ins. Co. v. Griffin (1936) 176 Okla. 94, 54 P. 2d 1032.

Plaintiff first contends that the trial court abused its discretion for the reason that defendants, by stating that the tax deed was void and requesting a jury trial on the question of the value of the improvements under the Occupying Claimants Act, had made an election of remedies. We do not agree that any election of remedies had been made in this case, but, in any event, an election would not foreclose the power of the trial court to vacate a judgment rendered during the term for the purpose of hearing evidence of fraud not known to the party offering it at the time the judgment was rendered.

Plaintiff cites numerous authorities to the effect that fraud justifying the vacation of a judgment must be extrinsic or collateral to the issues tried. This rule of law applies where the question is raised in an independent suit in equity or petition to vacate the judgment filed in a subsequent term, but it has no application in a case where the motion to vacate the judgment is filed in the same court during the term at which the judgment was rendered.

It is next urged that the vacated judgment was a judgment by consent which the court is powerless to vacate in the absence of fraud on the part of the party procuring such judgment, citing U. S. Const. Co. v. Armour Packing Company (1912) 35 Okla. 177, 128 P. 731. Even a cursory reading of the decision in that case discloses that the rule announced was confined to cases where the motion to vacate is filed after the term at which the judgment was rendered. We find no such limitation upon the power of the trial court to vacate its own judgment during the term at which it was rendered. In fact, we have held that the trial court may vacate its own judgment during the same term even though the original judgment had been entered upon stipulated facts. In re Baptist General Convention of Oklahoma (1949) 201 Okla. 215, 203 P. 2d 885. We do not decide whether the vacated judgment was a judgment by consent merely because counsel for the defendants admitted the invalidity of the tax deed under the opinions of this court.

Finally it is contended by the plaintiff that the facts alleged in the petition to vacate do not state a defense to the action of the plaintiff for the reason that the quitclaim deed on which the defendants rely was not given until after the entry of the judgment quieting title against the defendants and for the

further reason that the Stephenses had a legal right to bring this action in the name of Commonwealth Insurance Company, their grantor, whether they had its consent or not. In Montague v. State ex rel. Commissioners of Land Office of Oklahoma (1939) 184 Okla. 574, 89 P. 2d 283, we said:

"Defendant apparently assumes that the order vacating was conditioned upon the necessity of pleading and establishing a valid defense to the cross-petition at a later date. Such was not the case. The court was not compelled to require that a valid defense be pleaded or established before vacating the judgment."

In the case before us, we do not decide whether the grantee in a champertous deed has the right to bring an action of ejectment based on such deed without the consent of the grantor. We do say, however, that if the allegations are true that the deed was obtained by false representations that it was to be used for the benefit of the tax-title holders and that it was then made the basis of an action of ejectment against them contrary to the purpose of the grantor in giving the deed, such facts should be considered by the court in determining whether the deed upon which plaintiff's right to relief was founded was void as to the defendants. That would be true whether defendants did or did not have a deed from Commonwealth. If the purpose of Commonwealth Life Insurance Company in giving the deed upon which plaintiff relies was to assist the defendants, then that company can hardly be forced to oust the defendants from their home by lending its name to the grantees in the deed thus fraudulently obtained. Whether the defendants' counsel could have learned the facts alleged earlier is not controlling. It is not necessary in support of a motion to vacate a judgment rendered in the same term to show that the defense of the original judgment was prevented by unavoidable casualty or misfortune. Thus, in Selected Investments Corporation v. Bell (1949) 201 Okla. 408, 206 P. 2d 989, at 991, it was said:

"While the evidence is insufficient to show that defendant had statutory grounds sufficient to excuse his failure to plead, and is insufficient to establish unavoidable casualty or misfortune which prevented him from defending the action, since, however, the motion was filed during the term at which the judgment was rendered, we think the evidence was sufficient to authorize the court in the exercise of its equitable inherent power to excuse the failure to plead, and in the exercise of its sound discretion vacate the judgment and permit defendant to come in and defend."

After a careful consideration of the record in this case, we are of the opinion that the allegations as to the fraudulent procurement of the deed which is the foundation of the plaintiff's case and the evidence offered in support thereof fully justified the trial court in vacating its judgment. Both parties will be afforded full opportunity to present the merits of their respective claims when the case is again set for trial. Under the circumstances disclosed, the trial judge acted wisely in affording that opportunity.

Judgment affirmed.

This Court acknowledges the services of Attorneys Cecil E. Nunn, Ted R. Moore, and Nathan Scarritt, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.