SOUTHEASTERN, INC., Petitioner,

v.

Honorable Laton L. DOTY, Judge of the District Court of Washington County, Oklahoma, Respondent.

No. 44515.

Supreme Court of Oklahoma.

Feb. 16, 1971.

Donovan, Freese & Downing, Tulsa, for petitioner.

Sanders & McElroy, Tulsa, for respondent.

JACKSON, Justice.

This is an original action wherein we are requested to assume jurisdiction and prohibit the District Court in Washington County and Judge Doty, on jurisdictional grounds, from proceeding further in Southeastern, Inc. v. Myers Bros. Building Contractors, Inc., et al., No. 19756. We assume jurisdiction because new procedural questions are involved, but deny the writ.

In 1965 Southeastern, Inc., filed an action in Washington County against Myers Bros. Building Contractors, Inc., (one defendant) to collect 5 or 6 promissory notes and foreclose 5 or 6 real estate mortgages on separate residential properties which were under construction. An acting receiver was appointed to complete some of the buildings.

In October, 1967, Southeastern amended its petition to include six additional defendants. These defendants were added on the apparent theory that a deficiency judgment on the notes might be collected from them. The new defendants filed an amended answer and cross-petition requesting affirmative relief.

On September 15, 1970, the case came on for trial and opening statements were made. After a noon recess the parties stipulated that plaintiff would dismiss its amended petition and defendants would dismiss their amended answer and cross-petition, all without prejudice to re-filing. The court rendered judgment according to the stipulation of the parties.

On September 25, 1970, Southeastern filed an action in Tulsa County against the 6 defendants who had been included by amended petition in the Washington court praying for the same relief they had requested in their amended petition in Washington County.

On September 30, 1970, three of the defendants who had been sued in Tulsa County, joined by Myers Bros. Building Contractors, Inc., filed a motion in Washington County requesting the court to set aside the dismissals made in that court on September 15, 1970. On the same day, without notice, Judge Doty vacated his judgment of dismissal on the ground it was contrary to law and set the case for trial on the pleadings as amended in his court.

It is contended that Judge Doty in Washington County had no jurisdiction to reinstate the case after the District Court in Tulsa had acquired jurisdiction. In this connection our attention is invited to Simpkins v. Parsons, 50 Okl. 786, 151 P. 588, and Manuel v. Kidd, 126 Okl. 71, 258 P. 732.

In Simpkins and Manuel the courts under statutory authority had transferred the actions from one county to another. In Simpkins we recognized the statutory authority of the court to transfer the case to another county and its authority to vacate the order within term time. However, we also held that the court's term time authority to vacate the transfer must be exercised before the court to which the transfer was made had acquired jurisdiction. That conclusion was reaffirmed in Manuel.

In Simpkins the controlling consideration was whether the trial court should follow court made "term time law" or obey the purpose and intent of statutory law. The statute, Sec. 544 of Snyder's Compiled Laws of 1909, provided that "As soon as the papers and records are received in any cause or procedure (by the clerk of the court to which the case is transferred), as herein provided, the same shall be entered upon the docket of such court and process issued therein as in other cases originally brought in such court." That statute plainly implied that the transferring court lost jurisdiction when the second court acquired jurisdiction by the filing of the papers and records received from the transferring court.

Terms of court have been abolished. 20 O.S.Supp.1969, Sec. 95. However, during the same session the Legislature enacted (new) 12 O.S.Supp.1969, Sec. 1031.1, which provides:

"Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party,

may correct, open, modify or vacate the judgment. The court may prescribe what notice, if any, shall be given."

It is not contended that the court in Washington County had adopted a rule requiring that notice shall be given.

■ However, under Rule 2, Rules for the District, Superior and Common Pleas Courts of Oklahoma, Chap. 2, Appendix, following 12 O.S.1961, Sec. 82, it was the duty of the court in Washington County to designate days for hearing motions, and the duty of the clerk to give the attorneys notice of hearings. Under this rule notice to show cause should be given where the trial court of its own initiative is of the view that the judgment should be modified or vacated. Notice and an opportunity to be heard are in harmony with due process requirements. Where, as here, the motion is filed within 30 days after the rendition of the judgment, or where the court of its own initiative issues notice to show cause, the jurisdiction of the court is not lost subsequent to the expiration of the 30 day statutory period. Commonwealth Life Ins. Co. v. Avery (1901), 205 Okl. 274, 237 P.2d 433.

■ It is clear under the statute and our former decisions that Judge Doty had jurisdiction, prior to the time the Tulsa Court acquired jurisdiction, to vacate his judgment of dismissal. Pennsylvania Co. v. Potter, 108 Okl. 49, 233 P. 700, Reid v. Conklin, Okl., 354 P.2d 456. Consent judgments may be vacated during the same term. Commonwealth Life Ins. Co. v. Avery, 205 Okl. 274, 237 P.2d 433. Did the Washington court lose jurisdiction when the Tulsa court's jurisdiction was invoked?

Section 1031.1 is an obvious substitute for the old "term time rule." It is a rule of practical necessity. In Todd v. Orr (1914), 44 Okl. 459, 145 P. 393, we observed that the term time rule is of far-reaching importance. We said that a trial court must have some power to correct its errors, and concluded "Any other view would so fetter and paralyze the power of the courts that they must frequently do wrong, from mere inability to do right."

■ We conclude that the District Court in Washington County did not lose jurisdiction to consider the motion to vacate its judgment entered on September 15, 1970.

■ While not relevant to a decision in this case, we think confusion may be avoided in other cases if we invite attention to the provisions of 12 O.S.Supp. Sec. 990 (effective January 1, 1971). That section provides that appeals must be filed in this court within 30 days from the date of the final order or judgment sought to be reviewed. We anticipate that appeals may be filed in this court from final orders issued before the trial court has exercised its jurisdiction under the provisions of Section 1031.1. In such case this court will, absent substantial reasons, stay the appeal upon notice by a party to the clerk of this court pending final disposition of the case in the trial court conducted under the authority of Section 1031.1, and until a second petition in error embracing the new matter is filed in the same case in this court. Frivolous use of Section 1031.1 for delay is discouraged.

■ We have held that when there is an intolerable conflict of jurisdiction because trial courts in different counties of this state are exercising concurrent jurisdiction over the same cause of action this court will determine which of the trial courts should proceed, and issue a writ of prohibition against the other. Harden v. District Court of Tulsa County, 175 Okl. 417, 53 P.2d 247.

■ Under the limited facts presented we find no substantial reason why this case should be tried in Tulsa County. The District Court in Washington County has jurisdiction to determine whether it should vacate its judgment entered on September 15, 1970, and reinstate the pleadings and proceed with the trial.

The writ of prohibition is denied with directions to the District Court of Wash-

ington County to give notice and, after hearing, determine whether the judgment entered on September 15, 1970, should be vacated and the pleadings reinstated.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, BLACKBIRD, IRWIN, HODGES, and LAVENDER, JJ., concur.