2006 OK 69

**BP AMERICA PRODUCTION COMPANY, Petitioner,**

v.

**The Honorable Thomas M. BARTHELD, District Judge for the Eighteenth Judicial District, Pittsburg County, Respondent.**

**No. 103,627.**

Supreme Court of Oklahoma.

Sept. 25, 2006.

**ORDER**

¶ 1 Original jurisdiction is assumed. Art. 7, § 4, Okla. Const. The Court finds, after hearing, as follows:

(1) Petitioner, which is the defendant in *Chockley et al. v. BP America Production Company et al.,* cause No. CJ–2002–84, District Court, Beaver County, secured an order, filed on May 2, 2006, transferring the case to Pittsburg County based on the doctrine of intrastate forum *non conveniens;*

(2) The court clerk in Beaver County caused the court record to be delivered to the court clerk's office in Pittsburg County;

(3) Upon receipt, it was file-stamped, but the case was not "docketed" or assigned to a judge in Pittsburg County, and no fee for change of venue was charged or paid;

(4) Respondent (or transferee-court) "declined to accept the transfer" purportedly on procedural and jurisdictional grounds and directed that the case file be sent back to Beaver County;

(5) By an order filed on July 10, 2006, the judge who originally ordered the transfer assigned the case to another judge, leaving it in Beaver County;

(6) The only pertinent orders on file are the transfer order and the July 10 order appearing to undo it by implication;

(7) Petitioner seeks the writ of mandamus, compelling the Respondent to "accept" the case pursuant to the transfer order.

¶ 2 The Court concludes and holds:

(1) Court clerks are generally bound by statutory duty (a) to keep and file all papers delivered for that purpose in every action, and (b) to enter on the appearance docket all actions, in addition to other information, in the order in which they are brought. 12 O.S.2001 §§ 22, 23, and 29(A).

(2) Once the court record of a transferred case is received and docketed by the court clerk of the transferee-court, the jurisdiction of the transferring court ceases, and jurisdiction becomes vested in the transferee-court. *Simpkins v. Parsons,* 1915 OK 579, ¶ 0(1–2), 151 P. 588 (the Court's syllabus ¶¶ 1 and 2); *Freeman v. Bryant,* 1919 OK 261, ¶ 16, 184 P. 76, 78; *In re Nichols' Will,* 1917 OK 341, ¶ 5, 166 P. 1087, 1092.

(3) The transfer ordered by the Beaver County judge was never perfected, because the case was never "docketed" or entered on the appearance docket by the court clerk in Pittsburg County. *Simpkins v. Parsons, supra.*

(4) Respondent was totally devoid of authority to direct the court clerk in Pittsburg County to send the court record back to Beaver County.

(5) No transferee-court has the power to decline, refuse to accept, or otherwise thwart a transfer.

(6) Orders of transfer are generally subject to the transferring court's term-time power under 12 O.S.2001 § 1031.1, and such power to vacate a transfer order ceases, when the transfer is legally perfected, even if the transfer is completed before the statute's 30–day period. See *Simpkins v. Parsons, supra; Southeastern, Inc. v. Doty, supra,* 1971 OK 17, ¶ 8, 481 P.2d 144, 147.

(7) The transferring court's July 10 order reassigning the case *sua sponte* came after expiration of the 30–day statutory period; it is therefore inefficacious, and the transfer order stands unenforced.

(8) Upon examination of the record in this original proceeding, which includes the findings and conclusions of the transferring judge, it appears that he abused his discretion in granting the transfer order.

¶ 3 Writ denied.

¶ 4 DONE BY THE ORDER OF THE SUPREME COURT IN CONFERENCE THIS 25th DAY OF SEPTEMBER, 2006.
/s/ Joseph M. Watt
CHIEF JUSTICE

¶ 5 WINCHESTER, V.C.J., LAVENDER, HARGRAVE, KAUGER, EDMONDSON, COLBERT, JJ.—Concur.

¶ 6 OPALA, J.—Concurs in part, dissents in part.

¶ 7 TAYLOR, J.—Recused.