Note.—See under (1) 31 Cyc. pp. 290, 561. (2) 38 Cyc. pp. 1543, 1547.

---

## SHARUM v. DEAN et al.

No. 15612—Opinion Filed Sept. 8, 1925.

Rehearing Denied Sept. 29, 1925.

(Syllabus.)

**Judgment—Setting Aside Default—Absence at Trial Through Fault of Court Officers.**

It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and, while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by their conduct have misled parties as to the time cases will be tried, the absence of such parties will be excused.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Jack Dean, Silas Dean, John Dean, James Dean, Minnie Thompson, and Nelson Dean against A. H. Sharum. Judgment for plaintiffs, and defendant brings error. Reversed, with directions.

Guy F. Nelson, Kelly Brown, and Archibald Bonds, for plaintiff in error.

Wesley, Atkins & Chandler, for defendants in error.

PHELPS, J. This case was originally filed in the district court of Okmulgee county by plaintiffs to cancel the deed under which defendant held the land in question. The action was begun November 18, 1920. The issues were made up and the case remained on the docket without being set for trial until April 19, 1923, when judgment was rendered in favor of plaintiffs, by default, as prayed for in their petition. And on July 20, 1923, petition to set aside the judgment was filed by the original defendant, upon the grounds of unavoidable casualty and for fraud practiced by plaintiffs in obtaining the judgment. Upon hearing, the court found in favor of the original plaintiffs, and refused to vacate and set aside said judgment, from which ruling of the court appeal is prosecuted here.

It appears from the record that the action was originally filed by Mr. W. H. Twine of Muskogee, as attorney for plaintiffs, and Mr. Kelly Brown, also of Muskogee, was employed to represent the defendant. And the record discloses that sometime after the cause was at issue and had not been set for trial, Mr. Brown inquired of Mr. Twine as to when the case would probably be set for trial, and was advised by Mr. Twine that the case would probably be dropped, and assured Mr. Brown that it would not be placed upon the trial docket without due notice to him.

It appears that it was the custom and rule of the court that the cases were not set for trial until a request therefor was made by one of the attorneys representing either plaintiff or defendant. Mr. Brown testified that he wrote three or four letters to the court clerk, and called personally two or three times at the court clerk's office, inquiring when the case would probably be set for trial. It further appears from the record that Mr. Twine withdrew from the case, and the plaintiffs employed Atkins and Chandler, also of Muskogee, to represent them, but neither defendant nor his attorney was aware of that fact. When the case was finally set for trial defendant and his attorney had no notice thereof, and did not discover that judgment had been rendered by default until several weeks thereafter.

The court clerk testified that it was the order of the court, and customary, that when the trial docket was made up to mail copies thereof to all lawyers who had cases set for trial. She further testified that a check mark on her records indicated that she had mailed Mr. Brown a copy of this trial docket. Mr. Brown testified that he received a copy of the docket, but none of his cases appeared thereon.

The question, therefore, for us to decide in this case is, whether under the record herein the trial court abused his discretion in refusing to vacate and set aside the judgment rendered under such circumstances. Section 579, Comp. Stats. 1921, provides:

"A trial docket shall be made out by the clerk of the court, at least twelve days before the first day of each term of the court, and the actions shall be set for particular days in the order prescribed by the judge of the court, and so arranged that the cases set for each day shall be considered as nearly as may be on that day."

Section 580, Comp. Stats. 1921, provides:

"The clerk shall make out a copy of the trial docket for the use of the bar, before the first day of the term of court, and cause the same to be printed."

In commenting upon these sections of the statutes, in the case of North v. Hooker, 68 Okla. 106, 172 Pac. 77, this court said:

"When a cause is regularly set for trial, it is not the duty of the court to call counsel when absent, and it is no abuse of discretion to proceed to trial when the cause is reached in its order, where no postponement of the case had been taken, and no leave to be absent has been granted to the parties or their counsel."

It appears to be a well-settled rule of law in this state that when a cause is regularly assigned for trial it is not the duty of the clerk to call counsel when absent and tell them that their cases have been set for trial, but it is the duty of the attorneys representing litigants having causes pending to exercise due diligence to determine when their cases are to be tried. In our judgment, however, the record in this case abundantly justifies the conclusion that Mr. Brown, attorney for the defendant, used all the diligence required to exonerate him from any accusation of negligence. His testimony, that he inquired two or three times personally about the case, and that he wrote three or four letters about it, and that he received a copy of the trial docket but this case did not appear thereon, is not disputed, and while his testimony to the effect that he had an agreement with Mr. Twine that the case would

not be called without due notice to him is denied by Mr. Twine, the fact that the case was pending for nearly two years thereafter without ever having been set for trial, and then tried to the court by different counsel, lends much weight to Mr. Brown's testimony in that regard. It also appears that counsel for the plaintiffs received half the land, the subject of the controversy, as their fee in the case.

Section 6 of art. 2 of the Constitution of Oklahoma provides:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

No good citizen will dispute the fact that the courts of the land are established for the purpose of administering equal and exact justice to all litigants. And it is likewise the duty of attorneys to use the courts as instrumentalities for determining the rights of litigants upon their merits, rather than to use them as instruments for "sharp practices" or "chicanery." And from the record in this case we can arrive at no other conclusion than that the defendant was by this judgment wrongfully deprived of his land without a hearing in court, and that, too, without fault on his part, or on the part of his attorney. In Anderson v. Graham, 87 Okla. 278, 210 Pac. 281, this court said in the second paragraph of the syllabus:

"Where a person employs and pays counsel to represent him in a cause, he has a right to rely upon such counsel to inform him as to the time his case will be for trial, where it is assigned for some special date other than the time it would come on for trial in its regular order, and to advise such person of all necessary things required of him in order that his case may be properly presented to the court."

Also, in Hoffman v. Deskins, 94 Okla. 117, 221 Pac. 37, this court said:

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and, while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by their conduct have misled parties as to the time cases will be tried, the absence of such parties will be excused."

Therefore, in the case at bar the defendant had a right to rely upon his attorney to inform him when his case would be called for trial, and his counsel had a right to expect proper notification when he exercised the diligence disclosed by the record. We can see no good reason why this cause should not be fairly presented to the court by both sides. If the plaintiffs have a meritorious cause of action, they should have nothing to fear in a fair trial; if they have not a meritorious cause of action, they ought not to prevail, and the defendant ought not to have his land taken away from him by the methods disclosed by the record in this case. In our judgment the trial court abused its discretion in refusing to set aside the judgment. The judgment of the trial court is therefore reversed, with directions to vacate the judgment rendered and grant the parties to the action a trial upon the issues either as presented in the pleadings already on file or that may hereafter be properly filed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HARRISON, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 34 C. J. p. 300, § 518.