**HALE, Trustee, et al. v. McINTOSH et al.**

No. 15450—Opinion Filed Nov. 3, 1925.

Rehearing Denied Jan. 26, 1926.

1. **Judgment—Vacation of Default—Right of Party to Rely on Attorney for Notice of Trial.**

Where a person employs and pays counsel to represent him in a cause, he has a right to rely upon such counsel to inform him as to the time his case will be for trial, where it is assigned for some special date other than the time it would come on for trial in its regular order, and to advise such person of all the necessary things required of him in order that his case may be properly presented to the court.

2. **Same—Absence of Party Excused Where Misled by Court Officers.**

It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by his conduct has misled parties as to the time cases will be tried, the absence of such parties will be excused.

3. **Same—Sufficiency of Petition to Vacate.**

Record examined, and held, the motion to vacate the judgment has sufficient averments as a petition and states facts sufficient to entitle the plaintiffs to the relief prayed for.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; A. C. Hunt, Judge.

Action by Jennetta McIntosh, nee Perryman, et al. against M. C. Hale, trustee, et al. Judgment for plaintiffs setting aside and vacating default judgment, and defendants appeal. Affirmed.

Randolph, Haver & Shirk and H. M. Gray, for plaintiffs in error.

DeGraffenried & DeGraffenried and Disney & Wheeler, for defendants in error.

Opinion by THOMPSON, C. This action was originally filed in the district court of Tulsa county, by Jennetta McIntosh, nee Perryman, and John McIntosh, defendants in error, plaintiffs below, against M. C. Hale, trustee, and the Great Basin Oil & Gas Company, plaintiffs in error, defendants below, on June 1, 1921, for cancellation of certain deeds to real estate, and to remove a cloud upon the title to said real estate, and to quiet title in them, and on the 29th day of June, 1921, the plaintiffs in error filed their answer to the petition filed herein.

The parties will be referred to as plaintiffs and defendants as they appeared in the lower court.

The plaintiffs' petition was dismissed for want of prosecution on the 17th day of October, 1922. A motion to vacate said order was filed, which was sustained by the court, and the cause reinstated. On the 16th day of April, 1923, the court rendered judgment

by default in favor of the defendants, dismissing plaintiffs' petition, and quieting title in the defendants. Thereafter, on the 2nd day of July, 1923, the following motion to set aside the judgment was filed by the plaintiffs:

"Come now the plaintiffs and move the court to set aside the judgment entered and rendered herein upon the 16th day of April, 1923, for the following reasons, to wit:

"1. For the reason that the plaintiffs had no notice of the setting of the said cause for trial.

"2. For the reason that neither the plaintiffs, nor their attorneys, had any notice of the setting of the said cause for trial, notwithstanding the fact that at a former hearing relating to this case, it was ordered by the court that the cause be not set for trial except upon at least three days' notice to the attorneys for the plaintiffs.

"3. For the reason that the plaintiffs' attorneys were informed by the clerk that because the said case had lost its place on the calendar, it would be placed at the heel of the docket and would not be set for trial for several months, but that notwithstanding such information furnished the attorneys for the plaintiffs, the case was set for trial without notice to the plaintiffs and default judgment rendered against them.

"4. For the reason that the purported judgment attempted to dismiss plaintiffs' case with prejudice, which the court is wholly without authority of law to do.

"5. For the reason that the court attempted to render judgment upon the defendants' answer as upon a cross-petition, and it appears upon the face of said answer of defendants, that: (a) Said answer is not, in fact, a cross-petition; (b) that said answer does not purport to be a cross-petition; (c) that said answer does not pray for any affirmative relief; (d) that said answer simply prays that the petition be dismissed and that the defendants have judgment for costs.

"6. For and on account of unavoidable accident, misfortune, casualty and delay, whereby the plaintiffs were prevented from having notice of the setting of the cause for trial, and were prevented from being present at the trial thereof.

"Wherefore, the plaintiffs pray that the said purported judgment be set aside and that this cause be reinstated and set for trial."

On the 6th day of July, 1923, the defendants filed motion to strike, which is as follows:

"Comes now the defendant in the above entitled cause and moves the court to strike from the files the motion of the plaintiff to set aside judgment heretofore rendered for the reason that said motion is improper and not authorized by law."

The motion to strike was overruled, and the defendants excepted.

At the beginning of the trial, before any evidence was taken, the following objection was interposed by the defendants:

"The defendants object to the introduction of any testimony for the reason that the motion to vacate does not contain facts sufficient to constitute a cause of action or entitle the plaintiffs to any relief, and for that reason no testimony should be heard thereon or in their behalf"

—which objection was overruled and exception reserved. The plaintiffs then introduced their testimony and rested, and the defendants introduced their evidence and rested, and at the close of all the evidence in the case, the court rendered its judgment vacating the default judgment, to which judgment of the court the defendants excepted, and the cause comes upon appeal to this court for review of said judgment.

The defendants' attorneys assign three grounds of error, but argue the same under the following heads:

"(1) The court erred in sustaining the motion to vacate the final judgment.

"(2) The court erred in overruling the motion of plaintiffs in error to strike the motion of defendants in error to vacate the judgment."

Plaintiffs' counsel moved to dismiss the appeal on the ground that the order of the court is not appealable, but said motion was withdrawn, and in oral argument it was agreed that the same should not be considered in rendering an opinion in this cause.

It is urged in the brief of counsel for defendants, and also in the oral argument, that the court did not have any jurisdiction to vacate the judgment after the term in which said judgment was rendered had been adjourned on a motion, and that the plaintiffs, under the statute, should have filed a verified petition, and had a summons issued and served as in other cases. We are of the opinion, after a careful examination of the pleading filed by plaintiffs, denominated a motion, that it is sufficient as a petition, and no doubt was considered by the trial court and will be considered here as a petition, as it contains all of the necessary averments of a petition, and upon examination of the record, the court permitted the same to be verified before he entered his final judgment in this cause.

The defendants entered their general appearances by filing the motion to strike the pleading of the plaintiffs, and also by interposing their objection to the introduction of any evidence, upon the ground that the pleading by the plaintiffs did not allege facts sufficient to constitute a cause of action, and by introducing evidence in support of their own contentions in this cause, and, in our opinion, the defendants thereby waived their right to insist upon the issuance of a summons, and by said acts gave the court jurisdiction over their persons and the subject-matter of this action, and under such circumstances we are clearly of the opinion that the pleadings were sufficient, and that the court had jurisdiction of the persons and subject-matter of this action, so as to entitle it to render judgment upon the question as to whether there were sufficient grounds alleged and proven in this cause to justify it in vacating the default judgment and setting the same aside, and that no error was committed by the court upon these propositions.

It is insisted by counsel for plaintiffs that, where issue was joined, as in this case, upon the propositions involved, and testimony was taken, before this court can review the action of the lower court, a motion for new trial should have been filed by defendants, and this contention seems to be supported by the decision of the late Justice Pitchford, in the case of Harper v. Rutland Savings Bank, 79 Okla. 274, 192 Pac. 1101, which is similar to the instant case, where, among other things, it was held that a motion for new trial was necessary and must be incorporated in the case-made and attached to the petition in error filed in this court, in order to have this court review the evidence adduced at the trial, citing a number of decisions of this court, but, be that as it may, we will proceed to pass upon the question as to whether the court in the instant case abused its discretion, or committed error of law in setting aside and vacating the judgment in this case.

We are aware of the many cases decided by this court and cited by counsel for defendants holding that the attorneys cannot rely exclusively upon the fact that they were not notified by the clerk of the court of the particular date upon which a given case has been set down for trial. Each case is dependent upon the particular facts and circumstances surrounding it. In this case the record discloses that this cause was reinstated on the 3rd day of March, 1922; that at or about that time, one of the attorneys for the plaintiffs asked for and prepared an order for the court to sign, that this cause would not be taken up for trial until after the attorneys had three days' notice before the date of trial, and was informed by the record clerk, who had charge of making up the trial docket of the court, that on account of the state of the docket this cause would have to go to the heel of the docket and take its course, and that it would be at least three months from that date before the case could possibly be reached for trial; that if he would write him a letter in about two months and a half, he would answer the same, and then give him the exact date upon which the cause would be reached for trial; that he relied upon this positive agreement, but, in face of said agreement and understanding, the cause was placed upon the trial docket on or about the 5th day of April, 1923, and set for trial on the 16th day of April, 1923, and counsel for plaintiffs had no notice whatever of said setting, and on the 16th day of April, 1923, judgment was rendered by default in favor of the defendants and the plaintiffs had no notice of said judgment having been rendered until sometime thereafter. Upon this evidence, the court found that the attorneys for the plaintiffs had been diligent and used reasonable efforts to inform themselves as to when said case would be tried.

Section 6, article 2 of the Constitution of Oklahoma provides:

"The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

And this court, in the recent case of Sharum v. Dean et al., decided Sept. 8, 1925, 113 Okla. 95, 239 Pac. 666, said:

"No good citizen will dispute the fact that the courts of the land are established for the purpose of administering equal and exact justice to all litigants. And it is likewise the duty of attorneys to use the courts as instrumentalities for determining the rights of litigants upon their merits."

From the record in this case, we can arrive at no other conclusion than that the plaintiffs were, by the judgment rendered herein, wrongfully deprived of their land without a hearing by the court upon the merits and without fault on their part, or on part of their attorneys.

This court has said in the case of Anderson v. Graham, 87 Okla. 278, 210 Pac. 281, that:

"Where a person employs and pays coun-

sel to represent him in a cause, he has a right to rely upon such counsel to inform him as to the time his case will be for trial, where it is assigned for some special date other than the time it would come on for trial in its regular order, and to advise such person of all the necessary things required of him in order that his case may be properly presented to the court."

In the case of Hoffman v. Deskins, 94 Okla. 117, 221 Pac. 37, following the case of Carter v. Grimmett, 89 Okla. 37, 213 Pac. 732, this court said:

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by his conduct has misled parties as to the time cases will be tried, the absence of such parties will be excused. Record examined, and held, the petition to vacate the judgment states facts sufficient to entitle the defendant to relief."

In the last two above mentioned cases, it was held that if the litigants had used diligence in informing themselves of the date and time of the trial, and were prevented from being present when their cases were proceeded with by the act or conduct of the court or an officer of the court, and they were misled by such conduct as to the time their case would be tried, the absence of such parties would be excused. This cause presents just such a case as was being talked about in the two above mentioned cases. The attorneys for the plaintiffs were misled by the record clerk, an officer of the court, whose duty it was to make out the trial docket, and we are of the opinion that the absence of plaintiffs in this case should be excused. We are, therefore, of the opinion that the trial court did not abuse his discretion in this matter, and that he did not commit any error of law in his opinion in this case, vacating the judgment by default, and that his judgment should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 311, §529; 27 L. R. A. (N. S.) 858; 15 R. C. L. p. 711; 3 R. C. L. Supp. p. 489; 5 R. C. L. Supp. 848. (2) 34 C. J. pp. 299, 300, §518; 305, §525; 38 Cyc. p. 1296. (3) 34 C. J. pp. 327, §547; 328, §548.