RAILWAY EXPRESS AGENCY, INC., a corporation, Plaintiff in Error,

v.

Mrs. Gerhard JANSEN, Defendant in Error.

No. 38659.

Supreme Court of Oklahoma.

May 10, 1960.

J. B. Champion, Jr., Ardmore, for plaintiff in error.

Venters & Braver, Ardmore, for defendant in error.

BERRY, Justice.

The parties who appear here in reverse order to their appearance in the trial court, will be referred to herein as they appeared in the trial court.

Insofar as material to the issues presented by this appeal, plaintiff in her petition which was filed September 23, 1958, alleged that she owned an art painting; that the painting was shipped from a point in California to her home in Ardmore, Oklahoma; that defendant undertook to transport the painting; that in shipment the painting was damaged to the extent of $500; that she was entitled to judgment against defendant and others in said amount.

On October 28, 1958, default judgment was rendered in favor of plaintiff and against defendant in the amount of $500, together with interest.

At the same term of court at which said judgment was rendered, defendant, on November 7, 1958, filed a petition to vacate the judgment. In said petition the defendant made these allegations:

"2. That answer or pleading was due in the above styled case on or before October 23, 1958; that the defendant Express Company specifically points out that because of the difficulty in getting reports and proper instructions from its home offices, it was some days after suit was filed before the papers could be furnished to an attorney; that on this occasion, the attorney, knowing that there was an industrial case set at Oklahoma City on the answer date, and not having enough time to inquire, called the District Judge John C. Caldwell, and specifically asked for additional time to plead and told the judge that he would prepare an order extending the time to plead in said case; that counsel has been out of town for several days but learned that on the 28th day of October, just five days after the answer date, plaintiff took a judgment in default.

"3. The defendant Railway Express Agency states that it would work not only a substantial hardship but would deprive said defendant of its substantial rights if this judgment was allowed to stand when the defendant's attorney had called and asked for additional time to plead and had been advised that he could have additional time in which to look into and properly prepare some kind of an answer or pleading to the petition of the plaintiff; that in this respect, the defendant express company sets out that they have a good and meritorious defense in that they deny the allegations of the plaintiff's petition and state no such damage occurred as alleged in said petition.

"4. The defendant alleges that it was due to unavoidable casualty and

misunderstanding all the way around that a default judgment was taken in that the defendant had actually secured an extension of time from the District Judge but that the same had not been reduced to writing; that the journal entry was signed through inadvertence and mistake and that in the interest of fairness and justice, the same should be vacated and set aside, with the defendant being allowed to plead according to the time originally granted, and for all just and proper relief."

The verification to the petition reads as follows:

"J. B. Champion, Jr., being first duly sworn, states on oath that he is the attorney for defendant Railway Express Agency, Inc. above names; that he has read the above and foregoing petition to vacate judgment, knows the contents thereof, and that the matters and things stated therein are true, as he verily believes.

"J. B. Champion, Jr.
"Subscribed and sworn to before me this 7th day of November, 1958.
"Pauline Fisher
"Notary Public
"(Seal)
"My commission expires:
"January 7, 1960."

Defendant filed a demurrer to the petition to vacate. She therein alleged in substance that (1) the petition failed to state sufficient facts to warrant relief; that (2) the petition was not verified as required by law; that (3) the petition is based upon an oral extension of time which is not recognized by law; that (4) the petition fails to state adequate grounds for defense.

Upon the referred-to demurrer being sustained, defendant sought and was granted permission to amend its petition. In its amended petition which was filed February 6, 1959, defendant adopted the allegations of its original petition and enlarged upon the allegations of its original petition relative to a defense to the action stated in plaintiff's petition by saying in substance that the damage to the painting resulted from the manner in which same was crated by one of the defendants prior to its receipt of the painting for shipment. This petition was verified. The verification in form and substance is the same as the verification to defendant's original petition to vacate.

Plaintiff filed a demurrer to the amended petition which was sustained. Upon the demurrer being sustained, defendant sought and was granted leave to amend. In its second amended petition to vacate, which was filed February 18, 1959, defendant adopted the allegations of its original petition to vacate and of its first amended petition to vacate and enlarged upon the allegations of said petitions. This petition was supported by affidavit in which the allegations of the original and first amended petitions were as to substance enlarged upon. The second amended petition was not otherwise verified. One of the supporting affidavits was by the attorney who verified the original and amended petition to vacate.

Plaintiff filed a demurrer to the second amended petition to vacate which was sustained. The substance of this demurrer is the same as defendant's demurrer to the original petition to vacate. Upon the defendant declining to plead further, its petition was dismissed. From said action defendant perfected this appeal.

The judge who considered and acted upon the petitions to vacate the default judgment was the successor in office to the judge who rendered the default judgment.

The issues or questions posed by this appeal are: (1) Was the verification to the petition sufficient? (2) Was it necessary to verify the petition? (3) Does the petition state statutory grounds for vacating the judgment? (4) Does the petition state adequate grounds for defense? (5) Is it necessary under the facts of this case to allege that defendant had a defense to plaintiff's action? (6) In declining to vacate the default judgment, did the trial court abuse its

discretion? The issues will be considered in the order mentioned.

■ Plaintiff earnestly contends that in view of the fact that the attorney who made the affidavit attached to the second amended petition which by reference was made a part of said petition, did not, as provided in 12 O.S.1951 § 292, state the reason why same was not made by the defendant, the affidavit is a nullity. We are unable to agree. As we read the cited statute it is made clear therein that where the verified facts are within the personal knowledge of the attorney who verifies, it is unnecessary to state in the verification the reason the verification is not made by the party that he represents. See Willoughby v. Edwards, 196 Okl. 201, 163 P.2d 958, and cited cases. It is made clear in the attorney's affidavit that the facts stated therein were within his personal knowledge.

We are of the further opinion that under the facts of the case, the second amended petition must be considered as having been verified. See Fulton v. National Finance & Thrift Corporation et al., 232 Iowa 378, 4 N.W.2d 406.

■ We also wish to point out that where a motion or petition to vacate a judgment is based upon Provision "Third" of 12 O.S.1951 § 1031, and the motion or petition is filed during the term at which the judgment complained of is rendered, it is unnecessary to verify the petition. See 12 O.S.1951 §§ 1032 and 1033, and Corliss v. Davidson & Case Lumber Co. et al., 183 Okl. 618, 84 P.2d 7.

It is provided in part in 12 O.S.1951 § 1031, supra, as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

\* \* \* \* \* \*

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.

\* \* \* \* \* \*

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

■ The facts stated in the second amended petition and the attached affidavits show that the above quoted third and seventh provisions of Sec. 1031, supra, are applicable.

■ In Sharum v. Dean, et al., 113 Okl. 95, 239 P. 666, 667, this is said in the syllabus:

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and, while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by their conduct have misled parties as to the time cases will be tried, the absence of such parties will be excused."

In Welborn et al. v. Whitney et al., 179 Okl. 420, 65 P.2d 971, 974, this court quotes with approval from Halliburton v. Illinois Life Ins. Co., 170 Okl. 360, 40 P.2d 1086 as follows:

" 'The purpose of the law is to give any litigant the opportunity to present his claim or defense on its merits. Consequently, when by excusable oversight that opportunity is lost by a default judgment and an application is made during term to vacate the judgment, courts generally favor opening or vacating the same. Slyman et al. v. State ex rel. Wallace, supra.' "

This is said in 30A Am.Jur. "Judgments", Sec. 667, p. 637:

"Relief from a judgment has been granted because of misinformation by the judge as to the status or pendency of an action, as to the time of trial or hearing, as to a period of continuance, and as to the time for pleading or motion. \* \* \*"

■ As heretofore pointed out, the petition to vacate the default judgment was

filed during the term of court at which the judgment was rendered. In fact, the petition was filed within a few days after the judgment was rendered. In view of the fact that the allegations of the original petition to vacate were made a part of the first and second amended petitions to vacate, and in view of the further fact that the allegations of the last referred-to petitions only enlarged upon the allegations of the original petition, the second amended petition will be deemed to relate back to the filing of the original petition. See Seekatz v. Brandenburg, 150 Okl. 53, 300 P. 678, and 71 C.J.S. Pleading § 320b, p. 713. It follows that it was unnecessary for defendant to state facts in its petitions showing that it had a good and sufficient defense to plaintiff's action. See Morgan et al. v. Phillips Petroleum Co. et al., 202 Okl. 181, 212 P.2d 663 and cited cases.

 We are of the opinion that the trial court under the facts of this case, abused its discretion in refusing to vacate the default judgment. In Hodges v. Alexander, 44 Okl. 598, 145 P. 809, this was said in the second paragraph of the syllabus:

> "It is an abuse of discretion for the court to refuse to open a judgment by default where the answer presents a good defense, and the showing made by the defendant is a reasonable excuse for the absence of the defendant and his attorney at the time of trial, with no negligence on his part, and where no substantial prejudice would result from the sustaining of such motion."

See also First Nat. Bank of Okmulgee v. Kerr, 165 Okl. 16, 24 P.2d 985 and cited cases.

Plaintiff has failed to cite authority sustaining its contention that defendant failed to state facts in its second amended petition which would constitute a defense to plaintiff's action. We assume, but do not decide, that if the damage resulted from crating the painting for shipment, which task was performed by a third person, that defendant as the carrier would not be liable to plaintiff. We are, therefore, of the opin-ion that the last above quoted pronouncement is applicable to the facts of this case.

Reversed with directions to vacate the default judgment rendered against plaintiff and permit defendant to file an answer to plaintiff's petition.