**OKLAHOMA CITY, a Municipal Corporation, Plaintiff in Error,**

**v.**

**Guy CASTLEBERRY and Nadine Castleberry, Defendants in Error.**

**No. 41200.**

Supreme Court of Oklahoma.

April 5, 1966.

Roy H. Semtner, Municipal Counselor, and Jake L. Riley and Charles E. Halley,

Asst. Municipal Counselors, Oklahoma City, for plaintiff in error.

Ben Huey, Norman, for defendants in error.

HALLEY, Chief Justice.

There is involved here the correctness of an order of the trial court vacating certain proceedings entered in a condemnation action by default upon the defendants failing to appear. Parties will be referred to as they appeared in the trial court.

Plaintiff, a municipal corporation, on September 24, 1963, filed an action seeking to condemn for use in connection with its waterworks system certain lands owned by the defendants. On the same date plaintiff filed in the case a notice directed to the defendants informing them that the plaintiff would "on the 8th day of October, 1963, at the hour of 9:00 A.M., or as soon thereafter as counsel can be heard, apply to the Honorable Presiding Judge of the District Court, in and for said county, at his chambers at the court house in Oklahoma County" for the appointment of commissioners to appraise the land for which condemnation was sought. The presiding judge is not named in the notice.

On the 8th day of October, 1963, plaintiff by Charles E. Chilton, Assistant Municipal Counselor, appeared before the Honorable A. P. Van Meter, on that date the presiding judge of the District Court of Oklahoma County, and the court entered an order appointing appraisers. The appraisers appraised the lands and filed their report on October 10, 1963. The defendants did not appear at the hearing before Judge Van Meter for reasons hereinafter discussed.

On the 13th day of February, 1964, the defendants filed a motion to vacate the condemnation proceedings and on the 26th day of February, 1964, an amended motion. In these motions the defendants allege in substance that they were prevented from attending the hearing on October 8, 1963, by reason of unavoidable casualty or misfortune and mistake of court officials in misdirecting them as to the court wherein the matter would be heard.

Defendants filed with their motions an answer in which they contend that their lands are not needed for the purposes for which plaintiff seeks condemnation and that the condemnation should be denied.

At the hearing on the motions to vacate the defendant Guy Castleberry testified in substance: He and his wife as co-defendants are the owners of the lands for which condemnation is sought. The notice of condemnation was served upon him by Charles E. Chilton, Assistant Municipal Counselor. It was explained to him by Mr. Chilton and he understood that a hearing would be had at the courthouse in Oklahoma City on October 8, 1963, regarding the appointment of commissioners.

He went to the courthouse in Oklahoma City on the morning of October 8, 1963. He visited various courtrooms attempting to locate Mr. Chilton. He inquired as to where the court was to be held and was told to see the court clerk. He consulted the court clerk and the clerk advised him to go to the court of Judge Morris.

The affidavit of the court clerk is to the effect that the case was assigned "to the Honorable Glen O. Morris, Judge of Division 4, of the District Court of Oklahoma County" on Monday, September 30, 1963, and "that no order has been filed transferring this case for any purpose to any other division or to any other judge of the District of Oklahoma County".

Plaintiff testified that he went to the office of Judge Morris about nine o'clock and Judge Morris looked over the papers. He talked with Judge Morris about a half or three-quarters of an hour. He asked Judge Morris if the city attorney had defaulted and the judge said he had. Judge Morris then told him that no appraisers would be appointed that day and that he (the defendant) could go home. Judge Morris told him it might be better for him to get a lawyer.

On January 27, 1964, he became worried because he had received no papers for the

filing of a homestead exemption. He called the proper office and was advised he no longer owned the lands and this is the first he knew about the city taking the land. He thought that the plaintiff had abandoned the condemnation of the land.

The trial court sustained the motion of the defendants and vacated the notice of the hearing for the appointment of commissioners, the appointment of commissioners, the oath of the commissioners and the report of the commissioners. The court made a finding as follows:

"* * * that the Defendants were misled by an officer of the Court, and by reason thereof Defendants were prevented from being in the right court at the right time, and that the failure of Defendants to be present at the Appointment of Commissioners should be excused; that Defendants have not had their day in Court; and that all proceedings had herein should be vacated in order to give Defendants opportunity to have their day in Court, as provided by law."

The validity of the above order is challenged on this appeal. § 6, Art. 2 of the Constitution of Oklahoma, reads:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

It is provided in § 1031, 12 O.S.1961, as follows:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

*　　*　　*　　*　　*　　*

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order.

*　　*　　*　　*　　*　　*

"Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

In Railway Express Agency, Inc. v. Jansen, Okl., 351 P.2d 1071, this Court said:

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and, while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by their conduct have misled parties as to the time cases will be tried, the absence of such parties will be excused."

The rule declared in the above case has been consistently followed in this State for more than thirty years. Hale v. McIntosh, 116 Okl. 40, 243 P. 157; Sharum v. Dean, 113 Okl. 95, 239 P. 666; Hoffman v. Deskins, 94 Okl. 117, 221 P. 37; Carter v. Grimmett, 89 Okl. 37, 213 P. 732.

In 30A Amer.Jur. "Judgments", § 666, p. 637, quoted with approval in Railway Express Agency, Inc. v. Jansen, supra, the rule is stated:

"Relief from a judgment has been granted because of misinformation by the judge as to the status or pendency of an action, as to the time of trial or hearing, as to a period of continuance, and as to the time for pleading or motion. The fact that a party's failure to appear was caused by his reliance on a statement of a judge that the case would not be reached or would not be tried at a particular term or sitting or upon an assurance that further proceedings would not be taken without notice or during the absence of counsel or witnesses has been held a sufficient ground for setting aside a judgment."

The notice of the hearing of the application for the appointment of commissioners designates that it will be presented to the "presiding judge" on a certain date. The presiding judge is not named in the notice. Pursuant to said notice the defendant appeared at the courthouse. He attempted to locate the attorney that served

the notice upon him. He then went to office of the court clerk. The clerk directed him to go to the office of a particular judge. He went to the office of the judge to whom he was directed. He exhibited the notice to the judge and waited about three-quarters of an hour. The judge told him he could go home and no proceedings would be held in the case on that particular day.

Under these circumstances his failure to appear before the presiding judge is excused. The trial court correctly sustained the motion of the defendants to vacate the prior proceedings of the court.

Judgment affirmed.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concurring.