The TIMEPLAN CORPORATION,
Plaintiff in Error,

v.

James P. O'CONNOR and Jean O'Connor,
Defendants in Error.

No. 43690.

Supreme Court of Oklahoma.

Nov. 25, 1969.

Kenn Bradley, Tulsa, for plaintiff in error.

Frazier, Harris, Dyer, Pate & Hopper, Tulsa, for defendants in error.

IRWIN, Chief Justice.

Defendants in error have challenged the jurisdiction of this Court by a motion to dismiss on the grounds that the appeal was not commenced within thirty (30) days of the judgment or final order.

The jurisdictional issue presented is: When a motion for new trial is filed after expiration of the ten day period prescribed by 12 O.S.1961, § 653, without assertion of any exception contained therein, is the thirty day interval for filing a petition in error computed from the date of judgment or the date of disposition of the belated motion for new trial?

Answer: A motion for a new trial filed after the statutory period of ten (10) days as provided by 12 O.S.1961, § 653, is ineffective, and the thirty (30) day period for filing an appeal in the Supreme Court is computed from the date the judgment is rendered and not from the date of the order disposing of the motion for a new trial.

In the instant proceeding, judgment was rendered for defendants in error on March 21, 1969. Eleven days thereafter, April 1, 1969, plaintiff in error filed its motion for a new trial. The motion for new trial was overruled on June 26, 1969, and plaintiff in error filed its petition in error on July 28, 1969. It is apparent that more than thirty (30) days had transpired from the date the judgment was rendered on March 21, 1969, to July 28, 1969, when the petition in error was filed.

The period during which a motion for new trial may be filed is fixed as ten days after the verdict, report or decision with exceptions not here applicable. 12 O.S. 1961, § 653. A motion for new trial filed after expiration of the statutory period of ten days is ineffective and time for commencement of appellate proceedings is calculated from the date of the decision as if no motion had been filed. Rule 3(a) Rules of Appellate Procedure; Ramsey Oil Co. v. Dunbar, 171 Okl. 124, 42 P.2d 128; 12 O.S.Supp.1968, § 991.

It necessarily follows that the filing of the motion for new trial eleven days after judgment did not extend the time for filing the petition in error in this Court.

**936**

The controlling statute, 12 O.S.Supp.1968, § 990, effective January 13, 1969, provides that the appellate jurisdiction of this Court may be invoked by filing a petition in error within thirty (30) days from the date of the final order or judgment appealed from.

Since the filing of the motion for new trial was ineffective, the time for filing the petition in error in this Court had expired when the petition in error was filed. Since the petition in error was not filed within the time provided by statute, this Court did not acquire jurisdiction.

Appeal dismissed.

All the Justices concur.