TULSA ROCK COMPANY, an Oklahoma Corporation, and Board of County Commissioners of Rogers County, Oklahoma, and City of Claremore-Rogers County Metropolitan Area Planning Commission, Appellants,

v.

M. E. WILLIAMS, Inspecting Officer and Director, and John T. Oxley, Thomas L. Burgess and Esther A. M. Burgess, Grady L. Hambrick and Juanita M. Hambrick, and the City of Tulsa-Rogers County Port Authority, an agency of the State of Oklahoma, Appellees.

No. 53026.

Supreme Court of Oklahoma.

Jan. 19, 1982.

atory relief determining plaintiff's right to a building permit and certificate of occupancy under the applicable zoning ordinance for use # 854, mining of non-metallic minerals.

After issuance of a temporary restraining order, the following parties made application for leave to intervene: John T. Oxley, Thomas L. Burgess, Esther A. M. Burgess, the City of Tulsa-Rogers County Port Authority, Grady L. Hambrick and Juanita M. Hambrick. The plaintiff, Tulsa Rock Company, filed a response to the motion to intervene contesting jurisdiction, generally denying the allegations made and demurring also to the petition for intervention. The record reflects that a hearing was held on the application for leave to intervene, plaintiff and defendant appeared by counsel, and the application was granted, making intervenors party to the action. The intervenors filed a petition in intervention and answer aligning their interest with that of the party resisting plaintiff's petition—the defendant. Plaintiff thereafter filed a motion to make more definite and certain, demurrer and motion to strike against intervenors' pleading. Some time later a journal entry of judgment was filed. That document reflects plaintiff and defendant appeared by counsel and announced they had reached a compromise settlement. Thereupon, the Court heard evidence, received documentary items and examined the proposed settlement agreement, ordered plaintiff's first cause of action well founded and held plaintiff's zoning rights to be vested "so as to preclude adoption of amendatory zoning." The ultimate paragraph of the order additionally states "the Court shall retain jurisdiction over said cause of action with respect to the intervenors herein for the purpose of further hearing and disposition to be heard by the Court upon application of either party."

The intervenors were left in a futile posture by this judgment in that the cause had been settled without consideration having been made of their interest in the premises as alleged by their answer, and they filed a motion, within thirty days, to vacate the

Summerlin, Williams & Zacharias by James W. Summerlin, Claremore, for appellant, Tulsa Rock Co.

T. Jack Graves, Dist. Atty., Claremore, for appellant, Bd. of County Com'rs of Rogers County, Okl.

Bill Scarth, Claremore, for appellees, John T. Oxley, Grady L. Hambrick and Juanita M. Hambrick.

Samuel C. Stone, James R. Jessup, Tulsa, for appellee, the City of Tulsa-Rogers County Port Authority.

HARGRAVE, Justice.

This proceeding, brought here on a Writ of Certiorari to the Court of Appeals, Division I, originated in the District Court of Rogers County. The petition was there filed by Tulsa Rock Company, an Oklahoma Corporation, against the Board of County Commissioners of Rogers County, the City of Claremore, Rogers County Metropolitan Area Planning Commission, and M. E. Williams. The original action requested declar-

judgment under 12 O.S. 1031, Third—irregularity in obtaining a judgment or order. The factual basis for such a motion as alleged therein is the judgment was rendered in total absence of notice to the intervenors. After a hearing, the motion to vacate was granted upon a finding that the judgment was obtained through irregularity, and the journal entry of judgment was vacated.

Plaintiff's petition in error was lodged against the judgment's vacation and the appeal was assigned to the Court of Appeals. That Court's resolution of the issues reversed the trial court's vacation of the judgment, stating at the beginning of the opinion the question presented by the appeal was the correctness of the action of the court in permitting the intervenors into the action. The Court of Appeals held the allowance of the intervention was an abuse of discretion thus the judgment was correctly issued without notice to intervenors. The writ of certiorari has been previously issued to the Court of Appeals.

■ The Oklahoma Supreme Court has recognized two types of intervention—intervention as a matter of right and permissive intervention. Intervention is a matter of right when (1) an applicant claims an interest in the specific property involved and within the exclusive jurisdiction of the court in which the action is pending, and (2) his interest therein can be established, preserved, or enforced in no other way than by determination and action by that court. Permissive intervention is left to the sound legal discretion of the trial court based upon the nature of the controversy and the facts and circumstances of each case. The trial court's determination will not be reversed on appeal absent an abuse of that discretion. *Deen v. Fruehauf Corp.*, Okl., 562 P.2d 505 (1977); *Barnett v. Bodley*, Okl., 348 P.2d 502 (1959); *Franklin v. Margay Oil Corporation*, 194 Okl. 519, 153 P.2d 486 (1944). Intervenors did not seek intervention as a matter of right. Rather, they sought permissive intervention based upon "principles of manifest justice." See *Sizemore v. Dill*, 93 Okl. 176, 220 P. 352 (1923). The trial court had allowed intervenors to enter the action, and from that point forward in the proceeding intervenors were a party to the action. It is fundamental that once an intervenor is let in to participate in litigation, his rights are just as much entitled to protection as those of the original parties. *Fitch v. United Royalty Co., (Liberty Royalties Corp. et al., Intervenors)*, 143 Kan. 486, 55 P.2d 409 (1936), at 414; *Hoxie St. Bank v. Vaughn*, 137 Kan. 648, 21 P.2d 356 (1933), at 358. Therein the Court noted: "Having been permitted to intervene, she was every whit as much entitled to justice as either of the original parties." Fundamental in any framework of justice is the right to notice and an opportunity to be heard. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

■ Older cases have established that when a cause is regularly set for trial, failure or neglect to appear at the trial is not grounds for vacating a judgment as under an unavoidable casualty or misfortune. *Brockman v. Penn Mutual Life Ins.*, 179 Okl. 98, 64 P.2d 1208 (1937). In such situations the onus of failure to appear must rest with the absent party, as the means to acquire knowledge of the trial time is within the reach of the absentee. The situation is opposite in cases such as that here considered, in that the cause was not heard at a time regularly set for trial and subsequent judgment. *Railway Express Agency v. Jansen*, 351 P.2d 1071 (Okla.1960), quoting from *Sharum v. Dean*, 113 Okl. 95, 239 P. 666, 667:

"It is the policy of the law to afford every party to an action a fair opportunity to present his side of a cause, and, while it is true the courts must require diligence on the part of litigants in being present when cases in which they are interested are being proceeded with, nevertheless, if the court or an officer of the court by their conduct have misled parties as to the time cases will be tried, the absence of such parties will be excused."

The intervenors were a party to the action at the time the judgment was ren-

dered, and they were entitled to be heard prior to rendition of judgment. This being so, the trial court did not err in vacating the judgment upon presentation of the fact of their absence from the proceeding which produced the judgment sought to be vacated under 12 O.S.1971 § 1031, Third.

■ Appellant Tulsa Rock Company urges in this appeal the proposition that the trial court abused its discretion when it allowed intervenors into the action. That issue is beyond the reach of this appeal. Appellants filed their petition in error December 1, 1978. This date was within thirty days of the date the motion to vacate was granted. Appellants thus saved their appeal from the trial court's order of vacation. Another matter, still, is the judgment issued reasonably enough, prior to the vacation order. That judgment is dated July 27, 1978. The petition in error is frankly out of time to appeal from the original judgment. Thus matters resolved by the judgment are not appealable, and on appeal, the Court's sole concern is the correctness of the order of vacation. It follows that appellants' contentions of error not relating to the vacation order may not now be considered. Among these are the correctness of the original intervention order.

The opinion of the Court of Appeals is vacated and the order of the District Court of Rogers County vacating the judgment in this cause is affirmed, and the cause is remanded to the District Court for further proceedings.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, DOOLIN and OPALA, JJ., concur.

SIMMS, J., concurs in result.