**Fred KNELL, Appellant,**

v.

**Doris C. BURNES, Appellee.**

**No. 55600.**

Supreme Court of Oklahoma.

March 9, 1982.

Rehearing Denied May 11, 1982.

Benedum & Benedum by Ben T. Benedum, Norman, for appellant.

Luttrell, Pendarvis & Rawlinson by Robert L. Pendarvis, Norman, for appellee.

HODGES, Justice.

The issue on appeal is whether appellant's petition in error should be dismissed for failure to file it within thirty days of rendition of judgment.[1]

An action was brought by Doris C. Burnes, appellee, against Fred Knell, appellant, for recission and cancellation of a contract for the purchase of a house. At the conclusion of the trial on May 15, 1980, the trial judge stated: "The Court will take this matter under advisement. If there are any further legal matters that counsel care to present to the Court you may do so within five days." At the appellant's request, briefing time was extended until May 27, 1980. When appellant's attorney

---

1. The time for filing a petition in error is mandated by 12 O.S.1971 Ch. 15, App. 2, Rule 1.15(a):

"The petition in error shall be filed within thirty days from the final judgment or final order; appellant shall attach to the petition in error a copy of the designation of record filed in the trial tribunal pursuant to Rule 1.20(a). The interval allowed for filing a petition in error may not be extended by either the trial tribunal or this Court. For cross or multiple appeals Rule 1.18 is applicable."

filed his brief on May 27, 1980, he discovered that judgment had been entered earlier in the day for appellee. A "motion to reconsider" was filed June 12, 1980, reciting these facts, and requesting that the court reconsider its decision after reviewing the authority cited in appellant's brief. The motion was denied on July 1, 1980, and appellant filed a petition in error July 31, 1980. The appellee filed a motion to dismiss, asserting that the court lacked jurisdiction.

## I

■ The appellee argues that under the rule enunciated in *Minnesota Mining & Mfg. Co. v. Smith*, 581 P.2d 31 (Okl.1978), the motion to reconsider should be treated as a motion for new trial, and because the motion was filed sixteen days after the court's judgment was entered, it was filed out of time. Except for the grounds of newly discovered evidence, or unless it is impossible to obtain the record, or if the litigant is unavoidably prevented from filing an application for new trial, the motion must be filed within ten days after judgment is rendered.[2] It is also asserted that the petition in error was untimely filed because it was not filed within thirty days of the trial court's rendition of judgment.[3] Based on these allegations, the appellee contends that this Court lacks jurisdiction to consider the appeal. We do not agree.

■ The relief sought is for the premature entry of the judgment after the proceedings had ended and the matter taken under advisement. Although a motion to reconsider is not a part of Oklahoma's statutory scheme of pleading, this Court has always considered motions based on the substantive allegations asserted rather than on the nomenclature given to the pleading by the litigant. The Court in every stage of the action must disregard technical errors or defects in the pleadings unless the substantial rights of the adverse party are affected.[4]

■ The rendition of a premature judgment is an irregularity which may be vacated under § 1031(3) if the rights of the party have been prejudiced because of a failure to adhere to the established rules or mode of procedure in the orderly administration of justice.[5] In *Zancaner v. Louisville & Nashville R. R. Co.*, 220 Cal.App.2d 836, 34 Cal.Rptr. 143, 146 (1963) it was held that judgment was entered prematurely when the court entered summary judgment in the morning of the thirteenth day of a thirty-day period previously allowed for the entry of a counteraffidavit and the counteraffidavit was filed in the afternoon. Likewise, a judgment should be set aside when it is prematurely entered before examination of solicited briefs of the parties after the case has been taken under advisement.

■ In *Minnesota Mining*, this Court held that the motion to reconsider filed in that case had to be treated as a motion for new trial because no facts were plead or proven to bring the motion within the purview of 12 O.S.1971 § 1031.[6] This statute

---

**2.** Title 12 O.S.1971 § 653 provides:
  "Unless unavoidably prevented, the application for a new trial, if made, must be filed within ten (10) days after the verdict, report or decision is rendered regardless of whether or not the term has ended, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made."

**3.** Title 12 O.S.1971 Ch. 15, App. 2, Rule 1.15(a) provides:
  "The petition in error shall be filed within thirty days from the date of the final judgment or final order. 12 O.S.Supp.1969 § 990. The

thirty-day time limit may not be extended either by the trial court or by the Supreme Court."

**4.** *Rosser-Moon Furniture Co. v. Harris*, 191 Okl. 607, 131 P.2d 1004, 1006 (1942); *Dickinson v. Whitaker*, 75 Okl. 243, 182 P. 901 (1919); 12 O.S.1971 § 78, 20 O.S.1971 § 3001.

**5.** *Glick v. Glick*, 372 S.W.2d 912, 915 (Mo. 1963); *Chenoweth v. LaMaster*, 342 S.W.2d 500, 502 (Mo.App.1961); *Whitney v. Superior Court*, 147 Cal. 536, 72 P. 37, 38 (1905.)

**6.** Title 12 O.S.1971 § 1031(3) provides:
  "For mistake, neglect or omission of the clerk or irregularity in obtaining a judgment or order."

delineates the basis upon which the trial court may vacate or modify its judgment. One of the grounds is for mistake or irregularity in obtaining the judgment or order. We find that sufficient facts were plead in this case to distinguish it from *Minnesota Mining*, and that the motion falls within the ambit of § 1031(3). The motion to reconsider was filed within thirty days after the final order as required by 12 O.S.1971 § 1031.1,[7] and the petition in error was filed within thirty days after the motion to reconsider was denied.

## II

■ At the hearing on the motion to reconsider, the trial court, without acknowledging that the brief had ever been examined, ruled that its failure to consider the brief submitted after the trial was not an irregularity which justified vacation of the judgment. We disagree.

The appearance of justice is often as important as the proper administration of justice. The purpose and policy of the law is that a judge should afford to every person legally interested in a proceeding the full right to be heard according to law.[8] If the court sets a deadline when a case will be decided, and the opportunity to present authority to support the litigant's position is denied by premature entry of judgment, the judgment should be vacated upon a timely application to do so.[9]

REVERSED.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., OPALA, J., concurring in result.

WILSON, J., disqualified.

7. It is provided by 12 O.S.1971 § 1031.1:
   "Within thirty (30) days after the rendition of a judgment, the court, of its own initiative or on motion of a party, may correct, open, modify or vacate the judgment. The court may prescribe what notice, if any, shall be given."

8. Okla.Const. art. 2 § 6; 5 O.S.1971 Ch. 1, App. 4, Canon 4. *Tulsa Rock Co. v. Williams*, 640

OPALA, Justice, concurring in result:

This appeal *cannot* be treated as impervious to attack for jurisdictional infirmity so long as our pronouncement in *Minnesota Mining and Manufacturing Company v. Smith*[1] stands as viable precedent. Because *Minnesota* impermissibly restricts the trial court's statutory term-time vacation power and should hence be overruled, I concur in the court's refusal to dismiss this appeal. Were I today writing for the court, I would expressly withdraw *Minnesota* from the body of efficacious case law.

## I.

### THE FACTS

Judgment was rendered *May 27, 1980*. Some sixteen (16) days later, on *June 12*, appellant moved the trial court to "reconsider" its decision. His motion was heard and denied *July 1*. The appeal was lodged *July 31*.

## II.

### THE ISSUE

The issue presented by appellee's dismissal motion is whether the trial court's statutory term-time power under 12 O.S.1971 § 1031.1 may be invoked—by motion filed more than ten (10) days but less than thirty (30) days after judgment—on grounds that were available for timely assertion in a new-trial motion under 12 O.S.1971 § 653. For the reasons to be stated, my answer to this question is in the affirmative.

## III.

### THE CLAIMED JURISDICTIONAL FLAW

Appellee claims this appeal was not timely brought. For dismissal she relies on *Min-*

P.2d 530 (Okl.1982); *Oklahoma City v. Castleberry*, 413 P.2d 556, 558 (Okl.1966); *Railway Express Agency v. Jansen*, 351 P.2d 1071, 1075 (Okl.1960); *Sharum v. Dean*, 113 Okl. 95, 239 P. 666, 667 (1925).

9. 12 O.S.1971 § 952(b)(2).

1. Okl., 581 P.2d 31 [1978].

nesota and urges that under that decision *any* request for relief from a judgment—whatever its given name or title—if brought more than ten (10) days after judgment,[2] even though filed within thirty (30) days of its rendition,[3] is a belated new-trial motion[4] which does not extend the thirty-day limit for commencing an appeal in this court,[5] *unless* the ground specified in the "delayed" request for relief is one that (a) is authorized by § 1031[6] and (b) could not have been invoked by a timely new-trial motion.

When the May 27 judgment was rendered, the time allowed appellant for filing his brief below had not yet expired. While appellee concedes that premature rendition of judgment does constitute a valid vacation ground authorized by § 1031(3),[7] she urges that the irregularity charged here was in existence and known to appellant *in time* to move for a new trial under § 653. In short, appellee contends that because the June 12 motion was rested on a ground which should have been asserted earlier, it constituted a belated new-trial request that will not extend appeal time. According to appellee, the thirty-day time for commencement of an appeal began to run from May 27—the judgment date—and not from July 1 when reconsideration motion was denied.

The tenor of appellee's argument for dismissal doubtless mirrors a widely-held belief among the trial bench and bar that *Minnesota* condemns—as belated and ineffective new-trial motions—all those term-time[8] attempts at judgment vacation which rest either on unspecified grounds or on those that were available for inclusion in a timely new-trial motion. My own view of *Minnesota* tends to be the same as that of the trial bench and bar. See footnote 3, Morgan, Delayed Attacks on Final Judgments, 33 Okla.L.Rev. 45 [1980].

## IV.

## MINNESOTA IMPERMISSIBLY RESTRICTS CODIFIED TERM–TIME VACATION POWER

The provisions of § 1031.1 are *declaratory* of the common law. They codify the Anglo-American concept of control which trial judges are allowed to retain over judgments for a limited time following their rendition. The power so reposed in the trial bench is entirely unrestricted by both the § 1031 grounds for vacation and by the § 653 time limit for filing a new trial motion.[9] Failure timely to invoke § 653 relief has never been a bar to the exercise of term-time vacation power.[10] The post-

2. The terms of 12 O.S.1971 § 653 require that a new-trial motion be filed within ten (10) days of the day judgment is rendered.

3. The provisions of 12 O.S.1971 § 1031.1 authorize the trial court "of its own initiative or on motion..." to "correct, open, modify or vacate" judgments within thirty (30) days of their rendition.

4. A motion for new trial, which is filed after the expiration of ten days following the decision, is treated as ineffective. *Timeplan Corporation v. O'Connor*, Okl., 461 P.2d 935 [1969].

5. A civil appeal must be brought not later than thirty (30) days after the reviewable decision is rendered. 12 O.S.1971 § 990.

6. 12 O.S.1971 § 1031.

7. 12 O.S.1971 § 1031(3) provides that: "The District Court shall have power to vacate or modify its own judgments... * * * Third. For ... irregularity in obtaining a judgment..." 12 O.S.1971 § 1032 prescribes a three-month

time limit for filing a motion to vacate judgment rendered before the action regularly stood for decision. See Morgan, Delayed Attacks on Final Judgments, 33 Okla.L.Rev. 737, 751 [1980].

8. As used here, "term time" means a thirty-day period immediately after judgment is rendered. 12 O.S.1971 § 1031.1. *Orthopedic Clinic v. Jennings*, Okl., 481 P.2d 139 [1971]; *Southeastern, Inc. v. Doty*, Okl., 481 P.2d 144 [1971].

9. *Firemen's Fund Ins. Co. v. Griffin*, 176 Okl. 94, 54 P.2d 1032, 1033 [1936]; *Southeastern, Inc. v. Doty*, supra note 8.

10. *Commonwealth Life Ins. Co. v. Avery*, 205 Okl. 274, 237 P.2d 433, 437 [1951]; *In Re Baptist General Convention of Oklahoma*, 201 Okl. 215, 203 P.2d 885, 886–887 [1949].

Term-time power may be exercised on the court's own motion. A new-trial motion was not a prerequisite to the exercise of term-time vacation power even when a new-trial motion was a precondition to the review of errors

judgment remedies available to a defeated litigant *via* a new-trial motion under § 653 and *via* vacation efforts under § 1031.1 are indeed separate and distinct, though concededly overlapping and cumulative. Each may be invoked independently of the other. *Minnesota* impermissibly abridges the trial court's codified term-time vacation power by limiting its invokability, availability and exercise solely to those specified § 1031 grounds which were not available for inclusion in a new-trial motion.[11]

## V.

## SUMMARY

Trial court's term-time vacation power—exercisable even after the expiration of 30 days following rendition of judgment if timely invoked within the statutory period[12]—is statutory and may not be abridged by case law. Every adverse disposition of a term-time vacation proceeding may be appealed by the aggrieved party independently of an appeal from the judgment.[13] When both decisions are appealed, each is entitled to review. The line of demarcation between a tardy, and hence ineffective, new-trial motion that does not extend appeal time and a *bona fide* term-time motion to vacate is indeed tenuous. While it is difficult to articulate where the exact legal boundary lies, it is certain that—wherever its location—it is not parallel to the *Minnesota-evolved* parameters.[14]

I would treat *Minnesota* as an incorrect exposition of § 1031.1 term-time power sweep and deny appellee's motion to dismiss.

occurring during the trial. See discussion in *Poafpybitty v. Skelly Oil Company*, Okl., 394 P.2d 515, 518 [1964]. New-trial motions need no longer be filed to secure appellate review. 12 O.S.1971 § 991(a).

11. See note in 31 Okla.L.Rev. 1013 [1978].

12. *Orthopedic Clinic v. Jennings*, supra note 8.

13. 12 O.S.1971 § 952(2); *Southeastern, Inc. v. Doty*, supra note 8 at 147; see also, *Matter of Estate of Burkhart v. Wabaunsee*, Okl., 594 P.2d 361, 363 [1979].

14. Reduced to an all-inclusive, one-sentence verbal formula, the at-times elusive teaching of *Minnesota* is generally perceived to be that a *timely* new-trial motion must state grounds that comport with § 651, while a motion filed more than ten (10), but not more than, thirty (30) days after judgment is ineffective *both* as term-time motion to vacate and as belated new-trial motion unless it rest on some ground authorized in § 1031 which was unavailable for timely inclusion in a new-trial motion. Morgan, Delayed Attacks on Final Judgments, 33 Okla.L.Rev. 45 [1980], footnote 3.